BOARD OF COMMISSIONERS AND BOARD OF EDUCATION OF
BUNCOMBE COUNTY v. C. N. MALONE.

(Filed 20 December, 1919.)

**School District—Bonds—Statutes—Specified Purposes—"Equipment"—
Surplusage—Implied Powers.**

Where a statute authorizes a county to call an election upon the petition
of a certain per cent of the voters of a school district therein for the
issuance of bonds therefor, with provision for interest thereon and a fund
for retiring the bonds at maturity, etc., and specifies the purposes there-
for, for "repairing, altering, making additions to or erecting new buildings,
or for purchasing schoolhouse sites or playgrounds," etc., and a petition
from the required number of voters is presented adding to the specifica-
tions of the statute, the word "equipment" for new buildings, the com-
missioners order the election and publish notices thereof accordingly, but
refer to the statute and it is stated in the petition, order for the election,
and notices that it is in pursuance of the statute, designating it: *Held*,
the addition of the word "equipment" is not a jurisdictional averment in
its effect, and where the other requirements of the statute are followed,
the bonds will not be declared not valid solely on that account; and,
*semble*, the necessary equipment for the use of such buildings, fastened
thereto, and fixtures therein, such as desks, etc., will not be regarded as
a substantial departure from the purposes of the statute.

CIVIL ACTION, heard on case agreed, before *Finley, J.,* at December
Term, 1919, of BUNCOMBE.

The action is to collect the purchase money bid by defendant for
$40,000 of municipal bonds of Weaverville Public School District, and
$50,000 of the Emma Special School Tax District of said county. De-
fendant having declined to pay on the ground that said bonds did not
constitute valid obligations of said districts, etc.

There was judgment for plaintiffs, and defendant excepted and ap-
pealed.

*J. D. Murphy for plaintiff.*
*C. A. Thomasson for defendant.*

HOKE, J. Under ch. 722, Public-Local Laws 1915, the commissioners
of Buncombe County are authorized to issue coupon bonds in behalf of
any general or special school tax district of the county on approval of
the majority of the qualified voters of the district "for the purpose of
repairing, altering, making additions to, or erecting new buildings, or
for purchasing schoolhouse sites or playgrounds," etc. The statute pro-
vides that the election to determine the question shall be ordered on
petition of 25 per cent of the qualified voters of the district, and ap-
proved by the county board of education, and contains other regulations

as to the registration of voters, notices, and methods of conducting the election held pursuant to the act.

From the facts stated in the case agreed, it appears that, in reference to both the school districts, the question has been submitted and approved by a majority of the voters at an election held for the purpose; that the petition for the election was signed by 25 per cent of the voters, and was approved by the county board of education, and that all the formalities as to registration, notices, etc., have been observed; the single objection being that, in the petition for the election for the Weáverville district, the purpose stated is "for the erecting a new school building and *equipping* the same and the purchasing of school grounds." And for the Emma School District, the purpose stated is for "erecting a new building in said district and equipping the same," whereas the purpose stated in the act is "for repairing, altering, making additions to, or erecting new buildings, or for purchasing schoolhouse sites or playgrounds," and makes no mention of "equipment," the petition for the election in the Weaverville district being as follows:

"To the County Commissioners of Buncombe County:

We, the undersigned voters of Reems Creek Township, Buncombe County, residing in the Weaverville Public School District, in said county and township, respectfully petition your honorable board to order an election to ascertain the will of the people in said public school district whether forty thousand dollars ($40,000) in bonds shall be issued for the purpose of erecting a new school building and equipping said building, and the purchasing of school grounds in accordance with the provisions of an act passed and ratified by the General Assembly of North Carolina at the session of 1915.

(Signed)   T. O. DEADERICK (and others)."

The petition for the Emma Special School Tax District being in similar terms except that in the latter the additional purpose of "purchasing school grounds" does not appear. The statute also contains provision for levying a tax on the taxable property and polls of a given district sufficient to pay the interest on the bonds and to create a sinking fund to pay the principle at maturity, and upon these facts pertinent to the inquiry we see no reason why the bonds should not constitute valid obligations of the district in question. As now advised, we incline to the opinion that where power is conferred on a municipal board in charge of the matter "to raise the means and erect a new building" for school purposes, it should be held to include the right to procure and pay for the ordinary equipment. As we understand it, such an expenditure would be chiefly for seats and desks for the pupils, usually fastened to the floor, after the manner of fixtures, and necessary to the proper use

and enjoyment of such a building, but even if this term equipment should be regarded a substantial departure from the purposes contemplated and provided for in the statute, as the petition, the order of election, and the notices concerning the same all expressly state that the election is to be held and building erected, etc., in accordance with the provisions of the act passed and ratified by the General Assembly of North Carolina at the session of 1915, "The notice referring to the act as chapter 722, Public-Local Laws of 1915," the provisions of the statute are controlling on the subject and the term equipment, even if unwarranted, should be rejected as surplusage or disregarded as being in violation of the law.

True, we have held that the preliminary petition, being the basis of such a proceeding, should comply with the essential requirements of the statute, among them, the provision as to the number of voters signing the same, and that requiring the approval of the county board of education, *Gill v. Comrs.*, 160 N. C., 176; *Key v. Board of Education*, 170 N. C., 123, but, on the facts of this record, the reference in the petition to equipment as one of the purposes does not come within the principle of these cases. Applying, as it does, only the distribution of the proceeds on which, as we have seen, the statute, made a part of the petition, affords the controlling rule, this addition of "equipment" should in no sense be construed as a jurisdictional averment or allowed in any way to affect the validity of the election or the bond issue to be made in pursuance of the same.

There is no error and the judgment for the plaintiff is
Affirmed.