J. D. WILSON ET AL. v. BOARD OF COMMISSIONERS AND BOARD OF
EDUCATION OF BUNCOMBE COUNTY.

(Filed 2 June, 1922.)

1. School District—Bonds—Taxation—Statutes—Substantial Compliance.

Where the provisions of a Public-Local law have been strictly complied
with as to consolidating the school districts of the county, for acquiring
school sites, building and repairing schoolhouses thereon, and for an
issuance of bonds therefor, upon the petition of one-fourth of the voters of
the consolidated school district to the county commissioners, endorsed by
the board of education, except that the petition was signed before the
order of consolidation had been made, the signing of this petition before-
hand, and presented as the statute required, is not of the substance, and
will not alone render invalid the bonds issued upon the approval of the
voters of the consolidated district.

**2. School Districts—Statutes—Special Statutes—Exceptions to General Laws.**

Where the provisions of a special statute, authorizing the consolidation of school districts within the county, have been complied with, objection to the validity of the issue on the ground that the order for the election was too indefinite as to specifying the amount of interest to be paid thereon under the requirement of our general statutes, C. S., 5676 *et seq.*, is untenable, for both the local and the general law having been passed at the same session of the Legislature, and being in force at the same time, the local law will prevail as an exception to the general law.

APPEAL by plaintiffs from *Shaw, J.*, at the February Term, 1922, of BUNCOMBE.

Civil action, heard on return to preliminary restraining order. The action, instituted by plaintiffs, citizens and residents of Swannanoa Consolidated School District, in said county, seeking to restrain defendants. from making a bond issue of $50,000 of said district, pursuant to an election of the voters, and under Public-Local Laws 1915, ch. 722. There was judgment dissolving the restraining order, and plaintiffs excepted and appealed.

*Carter, Shuford & Hartshorn for plaintiffs.*
*J. D. Murphy, Charles N. Malone, G. A. Thomasson, and G. H. Grainstaff for defendants.*

HOKE, J. Public-Local Laws 1915, ch. 722, authorizes the board of education to consolidate any school district of the county, for the purpose of acquiring sites, building and repairing schoolhouses, etc., and it is provided in the act that on petition filed by as many as one-fourth of the voters of any school district, endorsed by the board of education, the county commissioners may call an election on the question of issuing bonds, and if the measure is favored by a majority of the qualified voters in the district, may issue and sell the bonds to the amount designated with interest, not to exceed 6 per cent, the proceeds to be applied to the purposes specified, etc. It is also enacted that a tax may be annually levied to meet the interest and provide a sinking fund to pay said bonds at maturity. Pursuant to the statute and proceedings under it, the board of education consolidated four existing school districts of the county into the Swannanoa Consolidated School District, and on 3 October, 1921, a petition, signed by more than one-fourth of the consolidated district properly endorsed, was filed for the proposed bond issue of $50,000, an election was ordered, the measure approved by the voters and the bonds prepared and will be sold unless restrained, etc. The provisions and requirements of the act have in all things been substantially. complied with, and we find no legal reason suggested against the validity

of the proposed bond issue. It is objected, first, that the petition was signed by the voters before the order for consolidating the four districts had been formally entered. It is recognized that the petition in a matter of this kind is jurisdictional, and the requirements concerning it must be substantially complied with. *Key v. Board of Education,* 170 N. C., 123; *Gill v. Comrs.,* 160 N. C., 176. It appears, however, that the boundaries of the consolidated district were fully known, and the petition was duly signed by the required number of voters a short while preceding and with the view of the proposed measure, and presented to the board of commissioners properly approved by the county board of education after the consolidation was made, and in such cases we are of the opinion that the mere fact that the signatures of the voters of the four districts were had before the order of consolidation formally entered is not of the substance, and presents no legal exception to the measure. Again, it is contended that the order for the election lacks definiteness, in that the amount of interest, etc., of the bond issue was not specified in accord with the requirements of the general law on the subject. C. S., 5676, 5677, 5678, 5679, etc., but the exception cannot be sustained. These sections do not seem to apply to the measure as presented on the facts of the record, and if they did, and there is conflict between the general and the special law, both passed at the same session, it is the latter which must prevail. *Bramham v. Durham,* 171 N. C., 196. And, moreover, the entire matter being throughout entered upon and conducted under the special statute. It is the provisions of such statute that must prevail, the same being in force as an exception to the law of more general application. *Proctor v. Comrs.,* 182 N. C., 56. On the record, we fully concur in the conclusion of the learned judge who considered and passed upon the question presented "that defendants have in all respects fully complied with Public-Local Laws of 1915, ch. 722, in holding and conducting the special election in said school district authorizing the $50,000 of school bonds mentioned in the pleadings, and that the said election has been legally and regularly held and conducted, and that the said bonds authorized by said election constitute the legal, valid, and binding obligations of said Swannanoa Consolidated School District, when the same shall have been duly issued," and are of opinion that the restraining order has been properly dissolved.

Affirmed.