THE BOARD OF EDUCATION OF BUNCOMBE COUNTY ET AL. v. BRAY BROTHERS COMPANY.

(Filed 13 December, 1922.)

**1. School Districts—Schools—Consolidation—Statutes.**

It is not necessary to the valid consolidation of nonspecial school tax districts with special school tax districts that it be approved by the voters of the nonspecial school tax districts, when the questions of taxation and bond issues are not involved, C. S., 5473, and especially so when the consolidation has been made according to the provisions of a Public-Local Law applicable to the county wherein the consolidation has been made.

**2. Same—Taxation—Bonds—Nontax Territory—Elections.**

Where a Public-Local Law relating to a county wherein special school tax districts and nonspecial school tax territory have been consolidated into one district does not require a separate vote by the nonspecial tax territory upon the question of special taxation and the issuance of bonds for school purposes, objection to the validity of such taxation and bonds for the failure to vote separately thereon cannot be sustained; and after such consolidation, the consolidated district is authorized to vote special tax rates for schools in the entire district, under the general law. Laws 1921, ch. 179.

**3. Same.**

Where special school tax districts and nonspecial school tax districts have been consolidated, and the district as a whole has voted, but separately as to each district, approving the question of special taxation for school purposes, and the election as to each, inclusive of the nontax territory, is upheld, counting the votes separately therein, the result of the election will be declared valid. C. S., 5530.

**4. Same—Poll Tax—Property Tax.**

Since the adoption of the constitutional amendment of 1920, a special school district may not impose a tax upon the polls for school purposes; and where a poll tax and a property tax have both been favorably voted for at an election held for the purpose, the tax upon the poll will be held unconstitutional and the property tax upheld by the courts.

**5. Constitutional Law — Contracts — Vested Rights—School Districts— Schools—Taxation.**

The constitutional amendment of 1920 will not have the effect of relating back and invalidating taxation on the polls in a school district which had met the constitutional requirement before the amendment had become the law; for such would have the effect of impairing vested rights existing under a valid contract.

APPEAL by defendant from *Lane, J.*, at November Term, 1922, of BUNCOMBE.

Controversy without action, submitted on an agreed statement of facts.

This suit is brought to determine the validity of certain school bonds, issued by the Swannanoa Consolidated Public School District pursuant to Public-Local Laws 1915, ch. 722, and authorized by an election held in said school district on 14 December, 1921. The legality of the consolidation of said district has been attacked, as well as the validity of certain special taxes, voted in said district by a majority of the qualified voters at an election held on the day above mentioned.

The district in question was established by the board of education of Buncombe County on 3 October, 1921, by consolidating one special tax district, Swannanoa, with three nonspecial tax districts, namely: Bee Tree, Pickens, and Azalia.

On the same date that the new district was formed, there was presented to the county board of education a petition of one-fourth of the freeholders in the new district; that is to say, in the new consolidated district, requesting that an election be called to ascertain the will of the people in the new district on the question of levying a special annual tax "to supplement the public school fund, which may be apportioned to said district by the county board of education," said tax to be not more than thirty cents on the $100 valuation of property and ninety cents on the poll.

On the same date, 3 October, 1921, the county board of education submitted this petition to the board of county commissioners of Buncombe County, together with a petition of the county board of education for an election in the new district, pursuant to Public-Local Laws 1915, ch. 722, on the question of issuing $50,000 of bonds of the district, and the levying of a special tax sufficient to pay the principal and interest of the same.

·On the same date, 3 October, 1921, the board of county commissioners acted favorably on both petitions and ordered two elections to be held in the district on 14 December, 1921—one on the special maintenance tax and the other on the bond issue, and tax to pay the same.

In the notice which was duly given by the board of county commissioners on the question of issuing the bonds, it was recited that the bonds were to be voted and issued under the provisions of Public-Local Laws 1915, ch. 722, and the election authorizing the said special tax for maintenance was ordered under C. S., 5526. Both elections were duly carried in favor of the respective propositions by a majority of the qualified voters in said consolidated school district.

The bonds were duly advertised and sold to the defendant. The defendant now declines to complete the purchase and to pay for said bonds, contending that the election on the maintenance tax should have been held only in the former nonspecial tax territory, as provided by C. S., 5530; that is to say, the nonspecial tax territories should have been permitted to vote separately upon the question of said special tax. The defendant further contends that the bonds authorized at said election are not valid obligations of the said school district, for the reason that the consolidation of said district by the county board of education is void for the reason that the nonspecial tax territories were not permitted to vote separately. The matter was heard by his Honor, Henry P. Lane, judge of the Superior Court, and a decree was entered upholding the validity of the bonds, the validity of the special tax, and the validity of the consolidation, and from this judgment the defendant has appealed to this Court.

*G. A. Thomasson and Charles N. Malone for plaintiffs.*
*George D. Robertson for defendant.*

STACY, J., after stating the case: ˙ The defendant contends that the new Swannanoa Consolidated Public School District was not legally established in that the three nonspecial tax districts, Bee Tree, Pickens, and Azalia, were not allowed to vote on the question of consolidation. This was not necessary under Public-Local Laws 1915, ch. 722, a special statute applicable only to Buncombe County. Indeed, for the bare purpose of consolidation, no election is necessary under the general law. C. S., 5473. The county board of education in any county may, however, in its discretion, ask for an election on the question of consolidation or the new formation of a district, and submit the question of a special tax or the issuance of bonds at the same time, but it is not required to do so. C. S., 5526. *Hicks v. Comrs.,* 183 N. C., 394; *Perry v. Comrs.,* 183 N. C., 389. Of course, where the authorities elect to proceed in a

given way, under a general or special statute, they are required to observe the provisions of the law under which they are proceeding. *Proctor v. Comrs.,* 182 N. C., 56. It is only when it comes to levying special taxes and issuing bonds that more serious questions arise. *Hicks v. Comrs., supra; Perry v. Comrs., supra.*

In regard to the election for the special maintenance tax and the election on the question of issuing bonds in the case at bar, it is contended by the defendant that the original nonspecial tax territory should have voted separately on both questions. Such a separate vote for the authorization of the bonds is not required by Public-Local Laws 1915, ch. 722. And after the consolidation of school districts, even under the general law, it·is provided that they "shall have authority to vote special tax rates for schools on the entire district in accordance with law." Public Laws 1921, ch. 179.

Furthermore, in those cases where the nonspecial tax territory is required to be given a separate vote under C. S., 5530, and although the district may vote as a whole, yet if a favorable majority vote be cast in said election by the voters in the nonspecial tax territory, counting said vote separately, the election will be upheld. *Burney v. Comrs., ante,* 274; *Barnes v. Comrs., ante,* 325.

But the validity of the consolidation and formation of this particular district, and also the validity of the bonds now in question were both approved by us in the recent case of *Wilson v. Comrs.,* 183 N. C., 638, and we must adhere to that decision. See, also, *Comrs. v. Malone,* 179 N. C., 110, and *Miller v. School District, ante,* 197.

We observe, however, that a poll tax as well as a property tax was authorized by both elections held on 14 December, 1921. This is not a county tax, but a special district tax. Hence, the poll tax must be held to be invalid under the constitutional amendment of 1920. *Hammond v. McRae,* 182 N. C., 754. See, also, *Burney v. Comrs., supra.* The property tax will be sustained. But it may be well to note that as to all liabilities heretofore incurred, and bonds previously issued under statutes or elections, requiring the levy of a tax on both property and poll, the authority and obligation to levy a tax on both will continue; for a state, no more by constitutional amendment than by statute, will be permitted to impair the vested rights of creditors held by them in assurance of their debt. *Smith v. Comrs.,* 182 N. C., 149.

As thus modified, the judgment of his Honor will be affirmed.

Modified and affirmed.