CLAUDE L. FELMET v. COMMISSIONERS OF BUNCOMBE ET AL.

(Filed 17 October, 1923.)

1. **Statutes—School Districts—Taxation—Local Laws—Repugnances—Repeal.**

   The provisions of a public-local law, allowing a special school-tax district to tax itself, or issue bonds for school purposes, is not repealed for repugnance to the provisions of a general later law upon the subject (chapter 136, Public Laws), it being clearly manifest from a construction of the provisions of the two statutes that it was not the intent of the Legislature to do so, and the special local law is considered as an exception to the provisions of the later general one, and not affected by a general repealing clause therein.

2. **Constitutional Law—Appeal and Error—Burden of Proof.**

   The burden is upon the appellant attacking as unconstitutional the provisions of a statute to show its unconstitutionality beyond a reasonable doubt.

3. **Constitutional Law—Taxation—School Districts.**

   A school district is not within the purview of our Constitution, Art. VIII, sec. 4, restricting the power of cities, towns, and incorporated villages, as to taxation, assessment, borrowing money, contracting debts, loaning their credit, etc.

APPEAL by plaintiff from *McElroy, J.,* at September Term, 1923, of BUNCOMBE.

This is an action by a taxpayer to enjoin the defendant, County Commissioners and Board of Education of Buncombe, from issuing $75,000 worth of bonds by Grace, a special school-tax district in that county, pursuant to chapter 722, Public-Local Laws 1915. The court held that the voters were duly authorized and denied the prayer for a restraining order against the issuance and delivery of said bonds. Appeal by plaintiff.

*George D. Robertson for plaintiff.*
*C. N. Malone and G. A. Thomasson for defendants.*

CLARK, C. J. The plaintiff claims that the bonds are illegal, for two reasons: (1) That chapter 722, Public-Local Laws 1915, is inconsistent with the general school law (chapter 136, Laws 1923), and that the latter repeals chapter 722 aforesaid, and, therefore, the bonds issued pursuant to said special act would be void. (2) The plaintiff also contends that said chapter 722 aforesaid is contrary to Article VIII, section 4, of the Constitution.

There is no controversy as to the facts. There is no allegation in the complaint that chapter 722 has not been complied with. When two acts covering the same subject-matter are inconsistent or in conflict, the following is laid down as the general rule in 36 Cyc., 1090: "When the provisions of a general law, applicable to an entire State, are repugnant to the provisions of a previously enacted special law, applicable in a particular locality only, the passage of such general law does not operate to modify or repeal the special law, either in whole or in part, unless such modification or repeal is provided for by express words, or arises by necessary implication."

A local statute enacted for a particular municipality is intended to be exceptional and for the benefit of such municipality, and is not repealed by the enactment of a subsequent general law. *Rogers v. U. S.,* 185 U. S., 83; *Wilson v. Comrs.,* 183 N. C., 638; *Alexander v. Lowrance,* 182 N. C., 642; *Bramham v. Durham,* 171 N. C., 196; *S. v. Johnson,* 170 N. C., 688; *Cecil v. High Point,* 165 N. C., 431; *School Comrs. v. Aldermen,* 158 N. C., 197.

In *S. v. Johnson, supra, Walker, J.,* says: "The general law will not be so construed as to repeal an existing particular or special law, unless it is plainly manifest from the terms of the general law that such was the intention of the lawmaking body. A general, later, affirmative law does not abrogate an earlier special one by mere implication. . . . The general statute is read as silently excluding from its operation the cases which have been provided for by the special one." And again, *ib.,* 690, it is said: "Where there are two opposing acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter, and thus conflict with the special act or provision, the special act must be intended to constitute an exception to the general act."

The general law in this case clearly shows that the Legislature did not intend to repeal or modify the special act. The general act contains repealing clauses in sections 373 *et seq.,* and made numerous specific repeals therein, including a clear intention not to repeal any acts except those specifically mentioned. The fact that the Legislature repealed so

many prior acts by special reference to them, if it intended to repeal other special acts it would have named them in the repealing clauses.

It is true that section 378 of the general school law repeals all laws in conflict with the provisions of the act, but this is a general repealing clause and cannot be taken as an intention of the Legislature to repeal special acts. *S. v. Johnson, supra.*

Moreover, this identical question was presented in a recent case, *Wilson v. Comrs.*, 183 N. C., 638, in which it was contended by plaintiffs that certain sections in the Consolidated Statutes, or contained in chapter 55, Laws 1915, were in conflict with that act (chapter 722, Public-Local Laws 1915) and would be invalid unless the general laws had been complied with. The court held, however, that the general laws were not applicable to that particular state of facts, and even if they were, the general act was inconsistent with the special act, and the latter would prevail. In this case the special act provides that the election for bonds shall be instituted by petition, signed by 25 per cent of the voters, and the petition shall be approved by the board of education, whereas section 257, Article 22 of the general act, merely requires a petition of the board of education.

The special act requires that the notice of election shall be given by posting a notice at the courthouse door and at three public places in the school district, whereas section 221 of the general act requires that the notice of election shall be given by publication in a newspaper circulating or published in the district thirty days before the close of the registration books.

The special act provides that bonds shall mature at such time or times as the board of commissioners may determine, whereas section 258 of the general act requires that the bonds shall be serial bonds, beginning not more than three years after date and ending not more than thirty years.

The special act provides that the county commissioners may order the sale of the bonds, and the general act provides that the bonds shall be sold in the manner prescribed in the Municipal Finance Act.

The general and the specific acts are inconsistent in other respects, showing that if the General Assembly had intended to repeal the provisions of the special act it would have named it among the statutes mentioned in the repealing clause.

The plaintiff further contends that chapter 722 is unconstitutional, being in violation of Article VIII, section 4, of the State Constitution. He claims that the words therein, "cities, towns, and incorporated villages," included school districts, and, besides, is unconstitutional, in that there is no limit as to the amount of indebtedness that may be incurred by school districts under said statute.

The burden is upon the appellant to show that said act is unconstitutional, beyond a reasonable doubt. The words, "school district," are not within the purview of Article VIII, section 4, of the Constitution. It is neither a city, town, or incorporated village, and the Court has decided this point as to the legal meaning of city or town in that section of the Constitution in *S. v. Green,* 126 N. C., 1032, and in *Trustees v. Trust Co.,* 181 N. C., 306, it was specifically held that a school district was not within the purview of said section 4, Article VIII of the Constitution, *Hoke, J.,* saying that said section "referred only to those corporations of a governmental character acting under and only affected by the amendment to Article VIII, sections 1, 2, 3, and 4, and does not and is not intended to affect or control "school districts." This case is cited and approved at the same term in *Sechrist v. Comrs.,* 181 N. C., 511.

Besides, the validity and constitutionality of chapter 722, Public-Local Laws 1915, has been passed upon and sustained in several cases. *Board of Education v. Bray,* 184 N. C., 484; *Wilson v. Comrs.,* 183 N. C., 638; *Comrs. v. Malone,* 179 N. C., 110.

Affirmed.