J. R. LAZENBY ET AL. v. BOARD OF COMMISSIONERS OF IREDELL COUNTY.

(Filed 5 December, 1923.)

1. **Schools—Statutes—Taxation—Special Tax—Petition—Counties—Discretion.**

Where the electors of a school district of a county have voted for a special tax for the erection of a public school building, based upon a petition filed with the county commissioners, and approved by the county board of education in conformity with the requirements of C. S., sec. 5526, except that the petition attempted to take away the discretionary power of the commissioners in locating it, this restrictive provision in the petition is contrary to law, and will be disregarded, and the election being free from fraud and giving the electors full opportunity to vote, the special tax thereby approved will be held valid.

2. **Same—Ballots—Unrelated Questions—Appeal and Error—Objections and Exceptions.**

Where the exception on appeal to the validity of a special tax approved by the voters of a school district for public school purposes, is upon the ground that the question was submitted on several unrelated propositions upon one ballot, it will not be sustained when it properly appears from the findings of the lower court that the only question voted upon and approved by the electors, and involved in the controversy, was the levying of the special tax.

PLAINTIFFS appealed from an order of *Long, J.,* 1 September, 1923, dissolving a restraining order. From IREDELL.

In June, 1922, one-fourth the freeholders in a described territory filed with the defendant the following petition:

"We, the undersigned, petition that Chestnut Grove Schoolhouse be built on the Winston-Salem Highway, somewhere between N. C. Summers' and J. L. Wike's, as the most suitable place. This petition to be null and void unless schoolhouse is built on the Winston-Salem Highway or near said highway; and also higher grades must be added to said school; respectfully petition your honorable board for an election to ascertain the will of the people within the proposed special school district, whether there shall be levied in said district a special annual tax of not more than ten cents on the one hundred dollars valuation of property and .... cents on the poll, to supplement the public school fund which may be apportioned to said district by the county board of education in case such special tax is voted."

The county board of education approved the petition and the defendant ordered an election to be held "for the purpose of voting on a special school tax of not more than ten cents on the $100 worth of property." A majority of the qualified voters voted for the tax, and

the plaintiffs brought this suit to declare the election void and to enjoin the levy and collection of the special tax. The defendant filed an answer, and upon the hearing his Honor found the facts and dissolved the restraining order theretofore issued.

*R. T. Weatherman, Grier & Grier, and W. D. Turner for plaintiffs. Buren Jurney and John A. Scott, Jr., for defendant.*

ADAMS, J. The petitioners undertook to prescribe conditions upon which their petition should become "null and void," and the plaintiffs contend that the defendant had no authority to order the election because these conditions were in conflict with C. S., 5526. In this section there are two conditions which are precedent to granting an order for holding the election: (1) the petition must be signed by one-fourth the freeholders within the proposed special school district in whose names real estate therein is returned in the tax list of the current fiscal year, and (2) it must be endorsed by the county board of education.

It was held in *Gill v. Comrs.*, 160 N. C., 181, that the jurisdiction of the board of education and of the county commissioners is dependent upon the presentation to them of such a petition as is required by the statute, and that such petition is precedent to the exercise of the particular authority which the statute confers. See, also, *Key v. Board of Education*, 170 N. C., 123. In the instant case the two conditions prescribed by the statute were complied with, and the question for decision is whether the other conditions stated in the petition were fatal to the exercise of the jurisdiction conferred by law upon the defendant. As to this question both sides refer to the decision in *Comrs. v. Malone*, 179 N. C., 110. In that case the county commissioners were authorized by a public-local law to issue bonds in behalf of any general or special school-taxing district of the county, on approval of a majority of the qualified voters, for the purpose of repairing, altering, making additions to or erecting new buildings, and purchasing schoolhouse sites. In the petition for the election the purpose stated was the erection and equipment of a new school building and the purchase of school grounds; and the court said that if the word "equipment" should be regarded a substantial departure from the purposes contemplated and provided for in the statute, the provisions of the statute mentioned in the petition were controlling, and the term, even if unwarranted, should be rejected as surplusage or disregarded as being in violation of law.

Upon the record in the case at bar this principle is controlling. His Honor found as a fact that in the advertisement of the election neither the location of the schoolhouse nor the character of the school to be

established was mentioned, and that the only question considered by the voters was that of the special tax. There is nothing in the record to indicate fraud or to show that any voter was deceived or misled either as to the location of the building or as to the character of the school. On the contrary, the alleged cause of action is based solely upon the ground that the conditions stated in the petition conflict with the statute and render the election invalid. In this conclusion we do not concur. The right of the petitioners to ask that the choice of a site be submitted to the qualified voters is not involved. The objectionable feature of the petition is the apparent purpose of the petitioners to control the discretion of the board by designating the place where the building shall be erected; but, the petition being otherwise sufficient, the expression of such purpose cannot divest the commissioners of the jurisdiction given them. In other words, the conditions requisite to conferring jurisdiction have been prescribed by the Legislature (*Gill v. Comrs., supra*), and when compliance with these conditions is properly made to appear, the petitioners cannot disregard the statute and defeat or qualify the jurisdiction of the board by incorporating extraneous or irrelevant matter in their petition or by directing in what manner and to what extent such jurisdiction shall be exercised.

Also, the plaintiffs contend that the election is void for the reason that only one ballot was used in submitting to the voters of the district the three propositions whether a special tax should be levied, whether the school should have additional grades, and whether the site should be changed; and in support of their contention they rely on the doctrine stated in *Winston v. Bank,* 158 N. C., 512, and in *Hill v. Lenoir,* 176 N. C., 572. It is not necessary to point out the distinction between the facts in these two cases and those in *Briggs v. Raleigh,* 166 N. C., 149; *Keith v. Lockhart,* 171 N. C., 451, and *Taylor v. Greensboro,* 175 N. C., 423, with a view to deciding whether the three propositions are practically one or whether they are distinct and unrelated. The order of election shows, and in his statement of facts his Honor finds, that the levy of the special tax was the single question which the voters had in mind.

The appeal does not present any amendment of the school law as codified by the General Assembly of 1923.

The record disclosing no error, the judgment is

Affirmed.