FRED O. SCROGGS ET AL. v. BOARD OF EDUCATION OF CLAY COUNTY ET AL.

(Filed 24 January, 1925.)

**Schools—Education—County-wide Organization—Statutes—Taxation.**

The provisions of C. S., 5473, with regard to counties adopting a county-wide plan of organization of public schools, is brought forward and enlarged under those of sec. 75, ch. 136, Public Laws of 1923, and under neither statute is it required that the voters of combined districts approve the plan of consolidation when the tax rate of each remains the same.

APPEAL by defendants from Ray, J., at Fall Term, 1924, of CLAY. Civil action tried upon the following issues:

"1. Had a county-wide plan been legally adopted by the County Board of Education of Clay County, prior to the presentation of the petition for an election by the voters of Brasstown School District to the county board of education for its endorsement and approval? Ans.: 'No.'

"2. Was there any valid and legal indebtedness against Brasstown School District at the time of the presentation of said petition? Ans.: 'No.'

"3. Was the school site selected by said county board in Ogden District in accordance with said adopted county-wide plan? Ans.: 'No.'"

The trial court ruled that the burden of proof was on the defendants; and at the close of their evidence, the plaintiff offering none, the following instruction was given to the jury:

"Gentlemen, if you believe the evidence in this case you will answer the first and second and third issues 'No,' in accordance with the burden of proof. I have answered them 'No,' and you will adopt them as your verdict."

Judgment on the verdict for plaintiffs. Defendants appeal, assigning errors.

*Dillard & Hill for plaintiffs.*
*A. W. Horne and Anderson & Gray for defendants.*

STACY, J. The record in this case is quite voluminous, but the questions presented fall within a very narrow compass. It was conceded on the argument that, if the Board of Education of Clay County did, on 14 May, 1923, properly adopt what is known as the "County-wide plan of organization" for the management of the public schools of the county, in accordance with the provisions of ch. 136, sec. 73a, Public Laws 1923, the plaintiffs are not entitled to the relief sought; contra, otherwise.

The pertinent provisions of the minutes of a meeting of the Board of Education for Clay County, held on the date above indicated, and which were duly offered in evidence, are as follows:

> "Office, Board of Education, Clay Co.,
> "Hayesville, N. C., 14 May, 1923.

"Board met with all members present, and the following business was transacted:

"Ordered that the county schools be conducted on the 'county-wide plan' in conformity with the new school law of 1923. Under this order the county schools were reorganized as follows:

"Brasstown Township.

"Districts Nos. 2 and 3 to be immediately consolidated and the building so located as to include 1 and 4, nonlocal tax districts, when they are willing to come into this consolidation by petition or otherwise, and assuming the rate of local tax equal to that paid by 2 and 3. Brasstown Township is to have the first attention of the board in carrying out the county-wide plan.

"(Other Townships not involved.)

"Ordered that the board of education locate the site for the central school in Brasstown Township, 19 May, 1923."

His Honor was of the opinion that the order of the board of education appearing on the record was not sufficient to bring Clay County within the provisions of ch. 136, Public Laws 1923, and at the same

time to effect a consolidation of Districts Nos. 2 and 3 in Brasstown Township—the real question at issue—because of the further provision looking to the subsequent inclusion of Nos. 1 and 4 and which was dependent upon some action on their part. In this we think there was error. Indeed, even under the old law, C. S., 5473, school districts, with the same tax rate, as was the case with Nos. 2 and 3 here, could be consolidated by the county board of education, without a vote of the people in the consolidated district. *Board of Education v. Bray,* 184 N. C., 484; *Paschal v. Johnson,* 183 N. C., 131. The powers conferred under C. S., 5473 have been enlarged and this section, as amended, is brought forward as section 75 of ch. 136, Public Laws 1923.

It was clearly the purpose and intent of the Board of Education to adopt the "County-wide plan of organization" for Clay County, and, as now advised, we see no valid objection to the order of 14 May, 1923, undertaking to accomplish this result.

We deem it unnecessary to discuss the remaining exceptions. The verdict and judgment will be vacated and the cause remanded for another hearing.

New trial.