J. H. YOUNG ET AL. v. COMMISSIONERS OF ROWAN COUNTY AND BOARD OF EDUCATION OF ROWAN COUNTY.

(Filed 21 December, 1927.)

**1. Schools—Taxation—Petition of Voters—Statutes—Bonds.**

As affecting the validity of bonds involving the levy of a tax for school purposes by a special school district, in accordance with 3 C. S., 5639, it is necessary that a petition be filed in substantial compliance with the terms of the statute.

**2. Same—Petition of Voters Not a Prerequisite.**

The provisions of 3 C. S., 5669, that the election shall be called and held under the same rules and regulations as provided in Public Laws of 1923, subchapter 8, for local tax elections, means that the election shall be authorized and conducted in accordance with the rules and regulations prescribed in subchapter 8, and does not include within its meaning the signing of the petition by the voters as required by 3 C. S., 5639.

**3. Statutes — Interpretation — In Pari Materia — Schools — Taxation — Bonds.**

    3 C. S., 5669 and 5639, relating to the issuance of bonds for local school districts, the latter requiring the filing of a petition by the voters, are *in pari materia*, and should be construed together. See, also, C. S., 5641, 5663, 5664, 5647.

CIVIL ACTION, before *Schenck, J.*, at June Term, 1927, of ROWAN.

The plaintiff, a resident and taxpayer of Providence Special School Tax District No. 1 of Rowan County, instituted an action against the board of county commissioners and the board of education of said county, asking that said boards be enjoined from issuing or selling school bonds in the sum of $20,000.00.

The facts essential to the determination of the rights of the parties appear in the judgment which is as follows: "This cause coming on to be heard upon a motion by the plaintiff for a temporary restraining order, and being heard, and the complaint of the plaintiffs being read, the court finds the following facts:

That Providence Special School Tax District No. 1 is situated in Rowan County, State of North Carolina. That on 7 March, 1927, at a regular meeting of the board of county commissioners of Rowan County an order was made calling an election in Special School Tax District No. 1 in Rowan County 'for the purpose of voting upon the question of issuing $20,000 of bonds and levying a sufficient tax for the payment thereof, for the purpose of erecting, enlarging, altering and equipping school buildings and purchasing school sites in said special tax district, or for any one or more of said purposes.'

That the petition upon which the said election was called and held was signed by the board of education of Rowan County, the said petition being a copy of the one attached to the complaint of the plaintiff.

That the notice of the said election and the registration, together with the boundaries, was published in the newspaper as required by law.

That the said election was regularly held in said district on Tuesday, 26 April, 1927, and a majority of the qualified voters of the said district favored the question presented to them. That at the time of the election two schools in the said district were maintained, one of which was a union school.

That the said election was called and held under and by virtue of 3 C. S., 5669.

That there was no petition signed by 25 qualified voters of the district or by any other voters in the district.

Upon these facts found, the court, being of the opinion that the petitioners are not entitled to a temporary restraining order, refused to grant such order prayed for, and orders the petition filed dismissed."

From the foregoing judgment the plaintiffs appealed.

*Walser & Walser for plaintiff.*
*Craige & Craige for Board of Commissioners.*
*T. G. Furr for Board of Education.*

BROGDEN, J.  Is a special election for issuing bonds by a special school tax district for the purpose of acquiring, erecting and enlarging school buildings and purchasing school sites governed by 3 C. S., 5639 or 3 C. S., 5669?

If 3 C. S., 5639 applies, the election was invalid, because no petition was signed by qualified voters as specified therein. Upon its face, 3 C. S., 5639 applies to the levying of a local tax in the particular district, specified in the petition. In all elections, involving the levying of a local tax in a particular district "it is recognized that the petition in a matter of this kind is jurisdictional, and the requirements concerning it must be substantially complied with." *Wilson v. Comrs.,* 183 N. C., 638. In the *Wilson case, supra,* an election was held for issuing bonds, but it must be observed that this election was held under Public-Local Laws 1915, chapter 722, which required a petition to be signed by "one-fourth of the voters within any school district and approved by the county board of education," etc. In *Gill v. Comrs.,* 160 N. C., 176, an action was brought to test the validity of an election held in Wake Forest for the purpose of levying a special tax. Referring to the validity of the petition of freeholders filed, the Court said: "The jurisdiction, if we may so term it, of the board of education and the county commissioners is dependent upon the presentation to them of such a petition as is required by the statute, it being a condition precedent to the exercise of the particular authority conferred by the statute upon them. It was the foundation upon which all else rested, and without which the subsequent proceedings cannot stand."

The petition in the case at bar requested an election upon the question of issuing bonds for a special school taxing district in which a union school was maintained. This petition was filed by the county board of education by authority of 3 C. S., 5669. Both of the sections in controversy were brought forward in the codification of the school law as will appear in Public Laws 1923, chapter 136, and therefore should be construed together. The petitioners contend that the words in 3 C. S., 5669, "said election shall be called and held under the same rules and regulations as provided in subchapter 8 for 'local tax elections for schools,'" mean that the election cannot be held without a petition signed by one-fourth of the qualified voters. We do not concur in this construction of the statutes. The language referred to apparently means that the election shall be authorized and conducted in accordance with the rules and regulations prescribed in subchapter 8. Subchapter 8,

beginning with section 5641, prescribes certain rules and regulations to be observed in holding the election. In other words, we are of the opinion that the machinery for holding special elections is prescribed in subchapter 8, and that this same machinery is to be used as stated in C. S., 5641, "in all elections held under this law." For instance, 3 C. S., 5663, provides for an election upon a petition of the county board of education for a special county tax, and yet, 3 C. S., 5664, prescribes that such election shall be held under the "Rules Governing Elections for Local Taxes as provided in this law." Again, 3 C. S., 5647 provides for a petition for submitting the question of revoking a special tax and abolishing the district, "to be held under the provisions prescribed in this act for holding other elections." No petition signed by twenty-five qualified voters is required in these instances although the election must be held in compliance with the machinery set up for voting special taxes. If, therefore, the contentions of the petitioners were established, irreconcilable conflicts and inconsistencies would result. Various phases of special tax elections have been considered by this Court in the following cases: *Howell v. Howell*, 151 N. C., 575; *Gill v. Comrs.*, 160 N. C., 176; *Key v. Board of Education*, 170 N. C., 123; *Wilson v. Comrs.*, 183 N. C., 638; *Plott v. Comrs.*, 187 N. C., 127; *Sparkman v. Comrs.*, 187 N. C., 244; *Causey v. Guilford County*, 192 N. C., 298; *Flake v. Comrs.*, 192 N. C., 590.

The plaintiffs rely upon *Plott v. Comrs., supra.* It appears, however, in that case that an election was called "to determine whether a special tax should be levied to supplement the school funds and whether bonds should be issued for the purpose of acquiring sites and improving and erecting school buildings." By reason of the fact that an election was called to levy a special tax as well as to issue bonds, it was necessary that the petition be signed by freeholders in accordance with 3 C. S., 5639.

Upon the authorities we hold that a petition for issuing bonds for the purpose of acquiring, erecting, enlarging, altering and equipping school buildings and purchasing sites, and where no special tax is to be levied "to supplement the funds," that a petition filed in accordance with 3 C. S., 5659 is valid and sufficient. There is a suggestion as to whether or not a union school was maintained in the district, but it appears that the trial judge found that a union school was maintained in the district.

Affirmed.