Civil action in the nature of quo warranto to try title to offices of school commissioners of the city of Charlotte, submitted on an agreed statement of facts.
Prior to the election held in the city of Charlotte on 12 March, 1929, at which "Plan D," as provided by the Municipal Corporation Act of 1917, C. S., 2887, et seq., was duly adopted by the voters of said city, the defendants constituted the board of school commissioners of the city of Charlotte under laws previously adopted by the voters, which also provided for the election of said board by the people.
The first and second provisos of C. S., 2900, incorporated in "Plan D," are as follows: "Provided, however, that if any city adopting this form of government shall have, at the time of such adoption, a board of education acting under powers and regulations given it by a vote of the voters of such city, such board of education shall remain in existence and the powers and duties given it by a vote of the people shall be and remain in full force and effect, except that the appointment of the members of such board of education shall vest in the council: Provided further, that in all cases wherein the said board of education is now elected by the people, such board shall continue to be elected by the electors of the municipality at the same time and in the same manner as the city council is elected, as herein provided."
On the same day that "Plan D" was voted upon in the city of Charlotte, the General Assembly, then in session, enacted chapter 142, Private *Page 218 
Laws, 1929, as an amendment to chapter 78, Private Laws, 1923, which provides that any vacancy in the board of school commissioners for the city of Charlotte shall be filled by said board until the next general election, when a successor is to be elected for the remainder of the unexpired term, but the act was not to apply to present appointees, and all laws and clauses of laws in conflict therewith were repealed.
On Tuesday after the first Monday in May, 1929, an election was duly called in the city of Charlotte for the purpose of electing the five members of the city council, as provided by "Plan D," and the municipal board of elections ruled that there should also be elected at said election seven members of the board of school commissioners of said city.
The plaintiffs contend that they were duly elected members of the board of school commissioners for the city of Charlotte at said election, and as such they have made demand upon the defendants for the possession of all books, papers, records and property belonging to said board of school commissioners, which demand has been refused.
The defendants contend that they were not affected by said election, in which they took no part, and that they still lawfully constitute the board of school commissioners for the city of Charlotte.
From a judgment in favor of the plaintiffs, the defendants, Chase Brenizer, W. R. Foreman, J. A. Houston and J. W. Cole, appeal, assigning error.
after stating the case: The case turns upon the question as to whether chapter 142, Private Laws, 1929, has the effect of modifying C. S., 2900 so as to provide for the election and appointment in case of vacancy, of members of the board of school commissioners of the city of Charlotte according to the provisions of chapter 78, Private Laws, 1923, as amended by said act of 1929. We think it does, else said act would be meaningless, and it is to be presumed that the Legislature intended something by its enactment. Such would seem to be its reasonable import. Felmet v.Commissioners, 186 N.C. 251, 119 S.E. 353. It follows, therefore, from this view of the matter, that the action of the plaintiffs should have been dismissed.
Error. *Page 219