CITY OF DURHAM v. W. Y. MANSON AND WIFE, PATRICIA S. MANSON; DAVID S. EVANS, TRUSTEE; WACHOVIA BANK AND TRUST COMPANY, N.A.; MARY JOHNSON LIVENGOOD (WIDOW); AND HELEN JOHNSON BUGG AND HUSBAND, E. B. BUGG

No. 7414SC73

(Filed 3 April 1974)

1. Statutes § 11— local act — exception to subsequent general law

It is the general rule of statutory construction that a subsequent legislative enactment will not repeal a former local act unless the intent to do so is expressly stated.

2. Statutes § 2— "quick take" condemnation procedure — local act

Chapter 506, Session Laws 1967, which allows the City of Durham to employ the "quick take" procedure provided by Article 9 of Chapter 137 in condemnation proceedings, is a "local act" as that term is defined in G.S. 160A-1(5), and as such it is subject to the applicable provisions of Chapter 160A.

3. Statutes § 11— local act — effect of subsequent repeal of general law

Chapter 506, Session Laws 1967, authorizing use of the "quick take" condemnation procedure by the City of Durham was not repealed by the repeal in 1971 of the statute to which the local act was appended, and the trial court erred in dismissing plaintiff's condemnation proceeding which was instituted pursuant to the local act.

4. Eminent Domain § 7— "quick take" procedure — notice required — constitutionality

The "quick take" condemnation procedure authorized by a local act for the City of Durham was not unconstitutional for its failure to require notice, since notice is not a prerequisite to the determination of questions as to the necessity and expediency of a taking but

only to the determination of the issue of just compensation, and the local act under consideration met that requirement by providing that "notice of deposit" be given.

**5. Statutes § 2— local act — constitutionally forbidden subjects**

A local act authorizing the "quick take" condemnation procedure for the City of Durham did not involve any of the forbidden subjects listed in Article II, Section 24 of the N. C. Constitution.

APPEAL by plaintiff from *Clark, Judge,* September 1973 Session of Superior Court held in DURHAM County.

This is an eminent domain proceeding instituted pursuant to a local act (Chapter 506, Session Laws 1967, as it amended G.S. 160-205) wherein the plaintiff, City of Durham, seeks to acquire real property owned by the defendants, W. Y. Manson et al, for the purpose of developing a public park. Chapter 506, Session Laws 1967, reads as follows:

"Section 1.    Section 160-205 of the General Statutes of North Carolina is hereby amended by adding thereto as a separate paragraph the following words and figures:

'The procedures provided in Article 9 of Chapter 136 of the General Statutes, as specifically authorized by G.S. 136-66.3(c), shall be applicable in the case of acquisition by a municipal corporation of lands, easements, privileges, rights-of-way, and other interests in real property for any and all public purposes in the exercise of the power of eminent domain; and such municipal corporation seeking to acquire such property or rights or easements therein or thereto shall have the right and authority, at its option and election, to use the provisions and procedures as authorized and provided in G.S. 136-66.3(c) and Article 9 of Chapter 136 of the General Statutes for any of said purposes without being limited to streets constituting a part of the State Highway System.'

Sec. 2. This act shall apply only to the City of Durham."

The present action was commenced on 8 March 1973 with the filing of a complaint, declaration of taking, and notice of deposit. The complaint and declaration of taking both contained the following pertinent language:

"Plaintiff possesses certain powers conferred upon it as a municipal corporation as contained in its Charter and

amendments thereto and by the provisions of Chapter 40 of the General Statutes of North Carolina, as amended by Chapter 506, Session Laws 1967, among which are the express power and authority to acquire by purchase or condemnation lands and rights-of-way for public park and public playground purposes as in the opinion of the governing body of plaintiff may be necessary or advisable in promotion of the public welfare and generally in promotion of the public interest."

On 22 August 1973 defendants W. Y. Manson and Patricia S. Manson filed a motion to dismiss this action basing their motion on the theory that the enabling legislation upon which the City of Durham had relied in instituting this proceeding, namely, Chapter 506, Session Laws 1967, had been repealed by Chapter 698, Session Laws 1971. Chapter 506, Session Laws 1967, had amended G.S. 160-205 so as to allow the City of Durham to employ the "quick take" procedure provided by Article 9 of Chapter 136; however, the defendants in their motion to dismiss contended that the City of Durham was stripped of its authority to use the "quick take" procedure in 1971 when G.S. 160-205 was repealed. On 4 September 1973 the defendants' motion was heard by Judge Clark and at the conclusion of the hearing he directed that memoranda of law be filed by the parties on 7 September 1973.

On 11 September 1973 Judge Clark made the following relevant findings of fact and conclusions of law:

"4. Chapter 506, Session Laws 1967, purports to specifically amend N.C.G.S. Sec. 160-205; however, this section was repealed by action of the General Assembly by Chapter 698, Session Laws 1971, such repeal to be effective January 1, 1972.

*   *   *   *

6. The court finds particularly that Chapter 160A, Article II and Article 19, Part 4, are in irreconcilable conflict with Chapter 506, Session Laws 1967, particularly because of the provisions of Chapter 506, Session Laws 1967, which purport to bestow the right to take by eminent domain without a prior hearing.

7. The court finds that Chapter 160A was intended to be and is a law of general statewide application and that

under its terms the City of Durham has available to it a number of optional methods by which to proceed in the condemnation of land.

\*    \*    \*    \*

9. The extraordinary power to eminent domain, without a prior hearing, which is found in N.C.G.S. Chapter 136, Article 9, will be strictly construed, particularly when sought to be applied by a municipality without a showing of immediate need of such magnitude as to justify such procedure. The ordinary purpose of N.C.G.S. 136, Article 9, is to permit the State Highway Commission to have this power to condemn and take before a hearing.

10. The court reserves the question of the constitutionality of Chapter 506, Session Laws 1967, because it has been able to arrive at a determination without reaching that issue."

Based on these findings and conclusions, an order was entered dismissing the action of plaintiff "without prejudice to bring the action again pursuant to different authority." The plaintiff appealed.

*Attorney General Robert Morgan and Associate Attorney C. Diederich Heidgerd, Amicus Curiae for the State.*

*City Attorney W. I. Thornton, Jr., and Assistant City Attorney Rufus C. Boutwell, Jr., for plaintiff appellant.*

*Paul, Keenan & Rowan by James V. Rowan for defendant appellees, W. Y. Manson and wife, Patricia S. Manson.*

HEDRICK, Judge.

The primary question presented by this appeal is whether the local act (Chapter 506, Session Laws 1967, as it amended G.S. 160-205) under which plaintiff seeks to condemn defendants' land was repealed by Chapter 698, Session Laws 1971 (Chapter 160A of the General Statutes). Defendants contend that the 1971 rewriting and streamlining of former Chapter 160 resulted in the repeal of the local act upon which plaintiff bottoms its "quick take" condemnation authority, while plaintiff maintains that the local act remains in full force and effect.

[1] It is a general rule of statutory construction that a subsequent legislative enactment will not repeal a former local

act unless the intent to do so is expressly stated, *Bland v. City of Wilmington,* 278 N.C. 657, 180 S.E. 2d 813 (1971); *Felmet v. Commissioners,* 186 N.C. 251, 119 S.E. 353 (1923); *State v. Johnson,* 170 N.C. 685, 86 S.E. 788 (1915); therefore, we must carefully scrutinize the relevant sections of Chapter 160A in order to ascertain the legislative intent. G.S. 160A-2, which is entitled "Effect upon prior laws" manifests the legislative concern that certain prior laws should be preserved. This section reads in relevant part as follows:

> "Nothing in this Chapter shall repeal or amend any city *charter* in effect as of January 1, 1972, or any portion thereof, unless this Chapter or a subsequent enactment of the General Assembly shall clearly show a legislative intent to repeal or supersede all *local acts.* The provisions of this Chapter, insofar as they are the same in substance as laws in effect as of December 31, 1971, are intended to continue such laws in effect and not to be new enactments . . . . "
> (Emphasis added.)

**[2]** G.S. 160A-2 is made more meaningful by reference to G.S. 160A-1 wherein the definitions of "charter" and "local act" are contained. G.S. 160A-1(1) provides that " 'charter' means the entire body of local acts currently in force applicable to a particular city . . . " , and "Local Act" is defined in G.S. 160A-1(5) as a legislative act applying to one or more specific cities by name. Chapter 506, Session Laws 1967, is a legislative act which applies specifically to Durham by name, and is, therefore, a "local act" as that term is defined in G.S. 160A-1(5) and as such it is subject to the applicable provisions of Chapter 160A.

**[3]** Having determined that it was the express intent of the legislature in Chapter 160A to retain local acts unless otherwise specifically indicated, we must next consider whether those local acts preserved include the act which is the focal point of this appeal. Defendants submit that the repeal in 1971 of G.S. 160-205—the statute to which the local act in question was appended—also resulted in the repeal of the local act; however, this approach overlooks G.S. 160A-241 which describes the methods of acquiring property which may be employed by a municipality. G.S. 160A-241 reads in pertinent part as follows:

> *"In addition to powers conferred by any other general law, charter, or local act,* each city shall possess the power of eminent domain and may acquire by purchase or condem-

nation any property necessary or useful for the following purposes:

\*   \*   \*   \*

In exercising the power of eminent domain a city may in its discretion use the procedures of Article 2 of Chapter 40 of the General Statutes, or the procedures of this Article, *or the procedures of any other general law, charter or local act applicable to the city."* (Emphasis added.)

Clearly, G.S. 160A-241 exemplifies the express legislative intent to provide alternative condemnation procedures for cities and, in close conjunction with this concept, to continue the existence of the "quick take" condemnation proceeding authorized by Chapter 506, Session Laws 1967. Furthermore, if as defendants contend, it is necessary for the local act to attach to one of the sections of Chapter 160A in order to perpetuate the existence of the local act, we are of the opinion that this is accomplished by attaching the local act to G.S. 160A-241.

We fail to see how the local act in question can be considered to have been repealed and we conclude that the trial court erred in dismissing plaintiff's condemnation proceeding which was instituted pursuant to such act.

Having determined that it was the intent of the legislature to preserve the local act *sub judice,* we must next consider the constitutionality of the "quick take" procedure authorized by this act. Such an investigation of the constitutionality of the local act requires careful reflection upon two important questions: (1) Does this local act afford procedural due process? (2) Does this local act encompass a subject matter which is expressly prohibited by Article II, Section 24, of the North Carolina Constitution?

[4] The sole aspect of procedural due process which merits discussion is the element of notice. In an Annotation entitled "Notice In Condemnation Proceedings" which appears in 1 L.Ed. 2d 1635, we find the following:

"As to the necessity of notice, as a matter of due process, in proceedings for the condemnation of real property, a distinction has been made between the taking of the property and the determination of just compensation. Where the taking of property is for a public use, the due process clause of the Fourteenth Amendment does not require that the

necessity and expediency of the taking be determined upon notice and hearing. However, with respect to the compensation for the taking, due process requires that the owner be given reasonable notice of, and opportunity to be heard in, the pending proceedings . . . . "

Similar statements are to be found in several decisions of the N. C. Supreme Court. *Redevelopment Comm. v. Grimes,* 277 N.C. 634, 178 S.E. 2d 345 (1970) ; *State v. Jones,* 139 N.C. 613, 52 S.E. 240 (1905). These cases indicate that notice is not a prerequisite to the determination of questions of a political nature (e.g. the necessity and expediency of a taking) but that notice is only necessary prior to the determination of the issue of just compensation. Thus, in the instant case the city council of Durham acting pursuant to the authority vested in it by the local act, properly determined, without giving notice to the defendants-landowners, that the best interest of the people would be served by condemning the land in question for public use as a park and "neither the landowner affected nor the court can interfere with the exercise of the power until the question of compensation is reached." *City of Charlotte v. McNeely,* 281 N.C. 684, 190 S.E. 2d 179 (1972). As for the notice which is required to be given to the landowner prior to the determination of the question of just compensation, we find that the procedure under attack fully satisfies this condition. The "notice of deposit" which must be given in a "quick take" proceeding is nothing more than its title would imply and certainly does not displace future determination of the compensation issue. In fact, if the condemnee is dissatisfied with amount deposited, he is provided by statute express methods of having the value of the condemned property reconsidered; and in this regard the "notice of deposit" in effect serves the vital function of giving the requisite notice. See G.S. 136-105 et seq.

[5]   The other constitutional question to be discussed is whether the local act under discussion is prohibited by Article II, Section 24, of the North Carolina Constitution. This portion of our State Constiution prohibits the General Assembly from enacting any local, private, or special legislation which deals with the subject matters therein enumerated. There is no question that the act in question is a local act; hence, the only matter left for our consideration is whether this local legislation involves one of the forbidden subjects listed in Article II, Section 24, of the Con-

stitution of North Carolina. It is our view that no part of Section 24 prohibits the enactment of local legislation of the character such as that which is now before us.

For the reasons stated herein the order of the trial court dismissing this action is

Reversed.

Judges CAMPBELL and BALEY concur.