WALTER H. BLAIR ET AL. v. BOARD OF COMMISSIONERS OF NEW HANOVER.

(Filed 2 April, 1924.)

1. **Statutes—In Pari Materia—Special Acts—Interpretation—Intent.**

    While a special act of the Legislature, passed at the same session, construed *in pari materia* with a general law upon the same subject-matter, will ordinarily be interpreted as an exception thereto, this interpretation will give way to the true intent of the Legislature as gathered from the language of both acts, so construed.

2. **Same—Counties—Bonds—Courthouses—Jails.**

    A local act of the Legislature authorized a certain county to issue bonds for the building of an annex to its courthouse and for the erection of a new county jail, and at the same session passed a general law, applicable to all of the counties of the State, enlarging the amount of bonds to be issued for these purposes, expressing that it was in addition to, and not in substitution of, any existing powers contained in any other law: *Held*, no conflict in the provisions of the two acts, and the county could issue valid bonds for the specific purpose to the extent authorized by the general law, under the provisions thereof.

APPEAL by defendants from *Calvert, J.,* at chambers, Wilmington, 3 March, 1924. From NEW HANOVER.

Civil action to restrain the Board of Commissioners of New Hanover County from issuing bonds of said county in excess of $150,000 for the purpose of constructing an annex or addition to the present county courthouse and for building a new county jail.

From an order permanently enjoining the defendants in accordance with plaintiff's prayer, the defendants appeal.

*K. O. Burgwyn for plaintiff.*
*Bellamy & Bellamy for defendants.*

STACY, J. Plaintiff, a resident and taxpayer of New Hanover County, brings this action on behalf of himself and all other persons similarly situated (*Eaton v. Graded School,* 184 N. C., 471) to restrain the defendants from issuing bonds of the county of New Hanover in excess of the amount authorized by chapter 361, Public-Local Laws 1923, for the purpose of constructing an annex or addition to the present county courthouse and for building a new county jail.

The single question presented by the appeal is one of statutory construction.

At the last session of the General Assembly two acts were passed, both relating to the subject-matter now in hand. On 2 March, 1923, a public-local statute, ch. 361, applicable only to New Hanover County

(hereafter called the New Hanover Act) was duly ratified and enacted into law. By this act the Board of Commissioners of New Hanover County is authorized and empowered to issue serial bonds of the county, in an amount not to exceed one hundred and fifty thousand dollars, to be used for the purpose of defraying the cost of repairing the present county courthouse and building an addition or annex thereto, the building of a new county jail, and for the purpose of purchasing the necessary equipment and furniture for both.

On the next day, 3 March, a public statute, chapter 143, applicable to all the counties of the State (hereafter called the General Act), was duly ratified and adopted. By this act the various boards of commissioners of the several counties throughout the State are authorized and empowered to issue bonds or notes, not to exceed 1 per cent of the assessed valuation of the taxable property in the county for the year next preceding the issuance thereof, for the purpose of borrowing money with which to erect, build, construct, alter, repair and improve courthouses and jails, and to purchase the necessary equipment and furniture to be used therein. Section 9 of said act is as follows: "The powers granted by this act are granted in addition to and not in substitution for existing powers of counties, and are not subject to any limitation or restriction contained in any other law. Nothing herein contained shall prevent any county from issuing bonds under any existing laws, as well as under this act."

The defendants, finding that they could not make the repairs and improvements, which they consider necessary and proper, for the sum limited in the New Hanover Act, resolved to supplement this amount by issuing bonds in excess of $150,000 under and by virtue of the General Act, being advised that they had authority, under said General Act, to issue county bonds, for the purposes mentioned therein, to an amount not exceeding 1 per cent of the assessed valuation of the taxable property in the county for the year next preceding the issuance thereof. It is admitted that the total amount of bonds proposed to be issued in the instant case comes well within the limit fixed by the General Act.

It is the position of the plaintiff that, as the two acts in question were passed at the same session of the General Assembly, they are to be considered in *pari materia,* and the New Hanover Act must be taken as constituting an exception to the General Act, under the principle "that where there are two opposing acts or provisions, one of which is special and particular and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter, and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the

general act." *S. v. Johnson,* 170 N. C., p. 690; *Felmet v. Comrs.,* 186 N. C., 251, and cases there cited. This is undoubtedly an approved principle of law as applied to the interpretation of conflicting statutes enacted by the same Legislature. *Bramham v. Durham,* 171 N. C., p. 198, and cases there cited. But it is also a well-settled principle that in case of doubt or ambiguity the two enactments must be construed so as to effectuate the true intent and purpose of the lawmaking body. "The first canon in the construction of statutes is to ascertain the legislative intent, as gathered from the statute itself, which should be enforced accordingly as the only authentic expression of the popular will. We may consider other statutes relating to the same subject, and the purpose to be accomplished, where there is any real doubt as to the true meaning; but whenever and however discovered, the intent prevails over all other considerations." *Walker, J.,* in *S. v. Johnson, supra.*

It clearly appears, we think, from the 9th section of the General Act now before us, that the authority granted under this law was to be in addition to and not in substitution of any existing powers contained in any other law. Hence no conflict was intended and none exists between the provisions of the General Act and the New Hanover Act. The present case, therefore, falls directly within the doctrine announced in *Kinston v. R. R.,* 183 N. C., 14, and *Fawcett v. Mt. Airy,* 134 N. C., 125, to the effect that, having exhausted the powers conferred under the special act, the authorities may proceed under the general statute to the extent allowed by such law.

It follows that the restraining order issued in this cause and made permanent on the hearing must be dissolved.

Error.