CITY OF GREENSBORO v. COUNTY OF GUILFORD.

(Filed 14 April, 1926.)

**1. Statutes—Interpretation—Repugnancy.**

A later statute repeals a prior one on the same subject-matter when irreconcilable therewith, or to the extent of the provisions that are repugnant.

**2. Same—In Pari Materia.**

A public-local law allowing a city or municipal court to recover against a county the costs in certain criminal convictions where the prisoner is sentenced to be worked on the public roads of the county, and a general statute then upon the same subject, are to be construed in *pari materia.*

**3. Same—Costs—Courts.**

Where a public-local law permits the costs of a municipal court to be recovered from a county upon conviction of a criminal offense in certain instances, and a general statute in existence at the time of the enactment of the local statute provides specifically for one-half of the costs, this provision will be construed in *pari materia* with the general law, and the intent and meaning of the local law will be to permit a recovery of one-half the costs only. C. S., 1259.

APPEAL by plaintiff from *Schenck, J.,* at October Term, 1925, of GUILFORD. Affirmed.

### AGREED STATEMENT OF FACTS.

The plaintiff and the defendant have agreed to the following statement of facts:

"1. That the plaintiff is a municipal corporation created and existing under and by virtue of the laws of the State of North Carolina.

"2. That the defendant is a *quasi*-municipal corporation created and existing under and by virtue of the laws of the State of North Carolina.

"3. That chapter 651 of the Public Laws of North Carolina for 1909, is the act creating the municipal court of the city of Greensboro, and said act is hereby made a part of this agreed case; and that C. S., 1259, is hereby referred to as part of this agreed case.

"4. That during the months of July, August, September, October, November and December, 1924, the follows cases, among others, were heard and disposed of in said court: Nos. 5619, 5620, 5404, 5790, 5945, 5949, 5978, 5011, 6078, 6075, 6045, 6178, 6432, 6576, 6571, 6668, 6780, 5377, 6891, 6859 and 6897; that in none of said cases was the defendant therein charged with 'any capital crime, or with forgery, perjury or conspiracy; that in each of said cases the defendant plead guilty or was convicted and was sentenced to serve a specified term either on the county roads or in the county workhouse of the county of Guilford; that fine and costs were not imposed and the defendants thereafter not sentenced to work out said fine and costs upon failure to pay the same; and that each judgment and sentence has been carried into effect.

"5. That the total costs taxed in said cases by the said court amounted to $245.70.

"6. That in each of the cases mentioned in paragraph 4 above, there were taxed in the bill of costs, in addition to the patrol wagon costs and the costs of board hereinafter mentioned, the following costs: Judge, $2.00; city attorney, $2.00; clerk, $3.00; police for making arrest, $1.50; police for subpœnaing witnesses, $0.50; jail fee, $1.00; that the said costs were those allowed by law in said cases to be taxed against the defendants therein by the said municipal court; that the total of the costs thus taxed in each of the said cases amounted to $10.00; and that the total of said costs thus taxed in all the cases mentioned in paragraph 4 above amounted to $210.00.

"7. That in said cases in addition to other costs taxed, costs for meals were taxed in certain cases as follows: 5619, $0.35; 5404, $0.35; 5790, $0.35; 5945, $1.40; 5949, $1.05; 5011, $1.05; 6078, $1.05; 6178, $0.35; 6432, $0.55; 6576, $0.35; 6668, $1.40; 6780, $1.40; 5377, $2.80; 6891, $1.05; 6859, $1.05; 6897, $0.35; that such costs were allowed by law and

were properly taxed against the defendants; and that the total costs thus taxed is $14.70.

"8. That in each of the cases specified in paragraph 4 above there was taxed in the bill of costs a patrol wagon cost of $1.00; that in each of said cases the patrol wagon was used in conveying the prisoner at the time of his arrest to the city jail; that such cost was reasonable in amount if it was allowed by law and properly taxed in the bill of costs; that the total costs thus taxed in the cases mentioned in paragraph 4 amounted to $210.00.

"9. That cases 5619 and 5620, mentioned in paragraph 4 above, were against the same defendant and were tried and disposed of the same day; that in 5619 the defendant was charged with having whiskey for sale, that she was found guilty on said charge, and was sentenced to serve three months in the county workhouse; that in 5620 the same defendant was charged with prostitution, that she was found guilty on said charge, and was sentenced to serve sixty days in the county workhouse; that the bill of costs in each case was the same; and that in the second of said cases no jail fee or patrol wagon fee should have been taxed in the costs, such fees having been already taxed in the first of said cases.

"10. That the defendant has waived notice of claim and all other formalities and prerequisites to the bringing of a suit against the county of Guilford in order that the matters in controversy between the plaintiff and the defendant may be speedily settled.

"11. That upon the foregoing statement of facts the plaintiff contends that it is entitled to recover of the defendant the full amount of costs taxed in the cases mentioned in paragraph 4 above, including the cost of $1.00 for patrol wagon taxed in each of said cases and the costs taxed in both of the cases numbered 5619 and 5620, with the exception of $1.00 jail fee and $1.00 patrol wagon fee taxed in case No. 5620, the total costs which plaintiff contends it is entitled to recover of the defendant, being $243.70; while the defendant contends that upon the foregoing statement of facts the plaintiff is not entitled to recover of the defendant any of the costs taxed for the patrol wagon in the cases mentioned in paragraph 4 above, that the plaintiff is entitled to recover of the defendant costs in only one of the cases numbered 5619 and 5620, and that of the costs properly taxed in the cases mentioned in paragraph 4 above the plaintiff is entitled to recover of the defendant only one-half of said costs and not the whole amount thereof.

"12. That this matter is submitted to the court in order that the following matters in controversy between the plaintiff and the defendant may be determined:

"(a) Was a patrol wagon fee properly taxed in the bill of costs in the cases mentioned in paragraph 4 of the agreed statement of facts?

"(b) Is the defendant liable to the plaintiff for the costs taxed in both of the cases numbered 5619 and 5620, with the exception of the jail fee and patrol wagon fee taxed in 5620?

"(c) In the cases mentioned in paragraph 4 of the agreed statement of facts, is the defendant liable to the plaintiff for the full amount of the costs taxed in said cases or for only one-half thereof?"

On the agreed statement of facts, the following judgment was rendered:

"This cause coming on to be heard before the Honorable Michael Schenck, judge of the Superior Court, upon the agreed statement of facts submitted by plaintiff and defendant; and after argument of counsel for both parties in said cause: It is ordered, adjudged and decreed:

First. That the patrol wagon fee is a proper fee to be taxed in the bill of costs in the cases against the defendants mentioned in paragraph four of the agreed statement of facts, and the county of Guilford is liable to the city of Greensboro for one-half of said patrol wagon fee in said cases.

Second. That the county of Guilford is liable for one-half of the cost of both of the cases numbered 5619 and 5620, with the exception of the jail fee and patrol wagon fee taxed in No. 5620.

"Third. That the county of Guilford is liable to the plaintiff for only one-half the full amount of costs taxed in the cases mentioned in paragraph four of said agreed case.

"Fourth. That the defendant recover of the plaintiff the costs of the action to be taxed by the clerk."

To the action of the court in signing the foregoing judgment, the plaintiff excepted, assigned error and appealed to the Supreme Court.

*Robt. Moseley* for plaintiff.
*John N. Wilson* for defendant.

CLARKSON, J. The first two questions presented to the court below are the question as to the patrol wagon fee and the question as to the costs taxed in cases 5619 and 5620, having been decided in favor of plaintiff, and the defendant having neither excepted to the judgment nor appealed therefrom, neither of these matters is now presented to this Court for review. And it having been agreed that all other items entering into the bills of costs were properly taxed, there is no question presented to this Court, as to the validity of any individual item of costs. The sole question, therefore, presented by this appeal is whether of the whole costs taxed in the 21 cases (exclusive of the two items amounting to $2, which it is agreed were not properly taxed in No. 5620), the county is liable for the whole, $243.70, or for only one-half, $121.85. The plaintiff bases its contention that the county of Guilford is

liable for the whole of said costs on the provisions of the act creating the municipal court—chapter 651 of the Public Laws of 1909. The defendant bases its contention that the county of Guilford is liable for only one-half of said costs on the provisions of C. S., 1259.

We quote the general principles of law bearing on the subject: In 25 R. C. L., p. 929, sec. 178, it is said: "It is well settled that a special or local law repeals an earlier general law to the extent of any irreconcilable conflict between their provisions, or speaking more accurately, it operates to engraft on the general statute an exception to the extent of the conflict.

In *S. v. Kelly,* 186 N. C., p. 371, it is said: " 'Where two statutes are thus in conflict and cannot reasonably be reconciled, the latter one repeals the one of earlier date to the extent of the repugnance.' *Comrs. v. Henderson,* 163 N. C., 120; *Road Comrs. v. Comrs.,* 186 N. C., 202. 'Between the two acts there must be plain, unavoidable and irreconcilable repugnancy, and even then the old law is repealed by implication only *pro tanto* to the extent of the repugnancy.' 36 C. L. P., p. 1047. Every affirmative statute is a repeal by implication of a prior affirmative statute, so far as it is contrary to it, for the maxim is *leges posteriores priores contraries abrogant* (later laws abrogate prior laws that are contrary to them). *S. v. Woodside,* 31 N. C., 500; Black's Law Dictionary." *Felmet v. Comrs.,* 186 N. C., 252; *Waters v. Comrs., ibid.,* 721; *Blair v. Comrs.,* 187 N. C., 489; *Carr v. Little,* 188 N. C., 111; *Asheville v. Herbert,* 190 N. C., 732.

C. S., 1259, is as follows: "If there is no prosecutor in a criminal action, and the defendant is acquitted, or convicted and unable to pay the costs, or a *nolle prosequi* is entered, or judgment arrested, the county shall pay the clerks, sheriffs, constables, justices and witnesses one-half their lawful fees; except in capital cases and in prosecutions for forgery, perjury, or conspiracy, when they shall receive full fees. No county shall pay any such costs unless the same is approved, audited and adjudged against the county as provided in this chapter."

This payment by the county of half fees has been the general policy of the State for long years. In *Guilford v. Comrs.,* 120 N. C., p. 23, decided as far back as 1897, this act was construed and it is there said: "At common law the sovereign never paid or recovered costs."

The municipal court of the city of Greensboro was established by chap. 651, Public Laws 1909. Sec. 23 is as follows: "That whenever under a judgment of the said court any defendant is sentenced to the common jail of the county of Guilford to work on the public roads or in the county workhouse of said county, or to pay a fine and the costs of the action, or the costs only, as provided in this act, and said defendant is imprisoned in the common jail aforesaid, and assigned to the public

roads or the county workhouse of said county as aforesaid, for the pur-
pose of working out said fine and costs, or the costs only, as the case
may be, and such judgment is carried into effect, the said county of
Guilford shall be liable for and shall pay to the treasurer of the city of
Greensboro the amount of the costs taxed in said case." The other sections
of the act we do not think throw light on the subject and need not be
considered.

When this section of the Municipal Court Act was enacted the general
State law was to the effect that counties in criminal actions were only
liable for "one-half their lawful fees," except in certain cases not
material here. With this public act in force applicable to the whole
State,—the Municipal Court Act—a special act was passed "the said
county of Guilford shall be liable for and shall pay to the treasurer
of the city of Greensboro the amount of the costs taxed in said case."
Does this language make an irreconcilable conflict with the general
State act? If it does, under the decisions of this State, it is an exception,
and the county would be liable for full costs. But we cannot so hold. If
the Legislature had intended that the county pay full fees, it could
have said so and clearly made an exception. The general law in existence
was that a county was liable to pay only "one-half their lawful fees," and
that was all that could be taxed against a county. Between the two
acts there must be plain, unavoidable and irreconcilable repugnancy. It
is apparent that there is not such a conflict and the two acts should be
construed in *pari materia. Asheville v. Herbert, supra,* p. 732. "The
amount of the cost taxed" means the costs the law allows to be taxed
against a county, which is one-half. To make an exception, the language
should be clear and not ambiguous. If it was the intention of the Legis-
lature to make an exception from the general statute, it could have easily
said that the county should be liable for full fees or used other appro-
priate language showing an unmistakable intent.

The judgment of the court below is
Affirmed.