ATLANTIC LIFE INSURANCE COMPANY v. STACEY W. WADE, INSURANCE COMMISSIONER, AND B. R. LACY, TREASURER.

(Filed 4 April, 1928.)

**1. Statutes—Repeal and Revival—Repeal by Implication Not Favored.**

The law does not favor the repeal by implication of one statute by another, but seeks to reconcile them if this can be done by a reasonable interpretation.

**2. Same—General Statute Does Not Repeal a Special One.**

A statute enacted to obtain revenue for the State government is a public law, and when a section of the Consolidated Statutes provides for a retaliatory tax to be imposed on foreign insurance companies, a later general statute will not be held to repeal it under a general repealing clause, when the section of the Consolidated Statutes is not specially referred to, and the intent of the Legislature to the contrary is shown by statutes amending the section which is claimed to have been repealed. C. S., 6413.

CIVIL ACTION before *Cranmer, J.,* at January Term, 1928, of WAKE.

This was a controversy without action to determine the validity of taxes assessed by the Insurance Commissioner against the plaintiff. The excess tax claimed by plaintiff is $1,420.83 with interest, and this suit was instituted to recover such excess. Judgment was rendered against the plaintiff and in favor of defendants, from which judgment plaintiff appealed.

*Albert L. Cox and A. L. Purrington, Jr., for plaintiff.*
*Attorney-General Brummitt and Assistant Attorneys-General Nash and Siler for defendants.*

BROGDEN, J. The plaintiff Atlantic Fire Insurance Co., is a Virginia corporation duly engaged in the life insurance business in North Carolina. During the years 1925 and 1926, plaintiff has paid under protest taxes in the sum of $1,420.83 in excess of the amount charged and collected by the State of Virginia upon North Carolina insurance companies doing business in that State, of identical nature and character, and the question at issue involves an interpretation of C. S., 6413. This statute in substance provides that the same "licenses, fees, deposits, obligations and prohibitions, of whatever kind" shall be imposed upon insurance companies of other states doing business in this State as such other state shall impose upon insurance companies of this State doing business in such other state. It appears from the record that the amount claimed by the plaintiff is correct if C. S., 6413, was in force at the time the taxes were collected. The defendants contend that C. S., 6413 was re-

pealed by the Revenue Act of 1923, same being chapter 4, Public Laws 1923, and the Revenue Act of 1925, same being chapter 101, Public Laws 1925. Section 903, chapter 4, Public Laws 1923, provides: "All laws imposing taxes, the subjects of which are revised in this act are hereby repealed," etc. Section 903, chapter 101, Public Laws 1925, provides: "This act, after its ratification, shall constitute authority for the imposition of taxes upon the subjects herein revised, and all laws in conflict with it are hereby repealed," etc.

It is to be observed at the outset that these revenue acts are general laws and do not attempt to expressly repeal C. S., 6413. If these revenue acts repeal C. S., 6413, such repeal is by implication. "As a general rule the law does not favor implied repeals. A statute may be repealed by implication and without any express words, but the leaning of the courts is against the doctrine if it is possible to reconcile the several acts." *Litchfield v. Roper,* 192 N. C., 202; *S. v. Johnson,* 170 N. C., 685; *Blair v. Comrs.,* 187 N. C., 488. C. S., 6413, is made up of section 71, chapter 54, Public Laws 1899, and section 11, chapter 536, Public Laws 1903. The section was brought forward in the Consolidated Statutes and was therefore considered by the Legislature as live and existing law upon the subject. Doubtless all revenue acts since 1903, have contained repealing clauses similar to those contained in the acts of 1923 and 1925, and yet C. S., 6413, has been recognized by the Legislature as still in force. This legislative recognition has been established beyond question by chapter 32, Public Laws 1927, which in express terms amends section 6413 in the manner therein pointed out, and which amendment now constitutes C. S., 6413, a retaliatory law pure and simple. As the taxes in controversy were collected prior to the amendment of chapter 32, Public Laws 1927, we are of the opinion and so hold that 6413 applied to the taxes in controversy and the plaintiff is entitled to recover.

Reversed.