## SOUTHERN RAILWAY COMPANY v. GASTON COUNTY.

### (Filed 13 May, 1931.)

**1. Taxation I b—Special statute relating to schedule of discounts and penalties in Gaston County held repealed by Machinery Act.**

The public-local statute relating to the schedule of discounts to be allowed and penalties to be enforced in the collection of taxes in Gaston County is held to be repealed by the Machinery Act passed thereafter at the same session of the Legislature providing for a schedule of discounts and penalties on all taxes levied by "any" county of the State, and where a taxpayer has paid the penalty imposed by the special act in an instance where the Machinery Act imposes no penalty, he is entitled to recover the amount so paid in his action therefor. Ch. 256, Public-Local Laws 1929; ch. 344, Public Laws 1929.

**2. Statutes C a—General act will not be construed to repeal special act unless provisions of general act exclude such construction.**

Where a general and special act are passed on the same subject, and the two are necessarily inconsistent, the special act will be construed as an exception to the general law unless the provisions of the general law necessarily exclude such construction, and in this case *Held:* the provisions of the Machinery Act of 1929 providing for a schedule of discounts and penalties on all taxes levied by "any county" of the State repeal a special act relating thereto, the word "any" as used by the Machinery Act being construed to mean "all."

APPEAL by defendant from *Harding, J.,* at January Term, 1931, of GASTON. Affirmed.

The judgment of the court below is as follows:

"It appearing from the pleadings that the facts are admitted and the right of the plaintiff to recover from the defendant the sum of $326.41, with interest thereon from 27 January, 1930, collected by the defendant as a penalty, in accordance with the provisions of chapter 256 of the Public-Local Laws of 1929, depends upon whether or not the aforesaid special act which was ratified on 11 March, 1929, was repealed by chapter 344 of the Public Laws of 1929, being the Machinery Act, ratified 19 March, 1929.

And it appearing that chapter 256 of the Public-Local Laws of 1929 provided for the taxpayers of Gaston County to be allowed a discount of two per cent on taxes paid in October, one per cent on taxes paid in November and taxes to be paid at par or face value in December and provided for a penalty of one per cent on taxes paid in January, two per cent on taxes paid in February, three per cent on taxes paid in March, and four per cent on taxes paid in April, special act to become

effective from and after 30 September, 1929, whereas section 805 of the Machinery Act of 1929 is as follows:

"All taxes assessed and/or levied by any county in this State, in accordance with the provisions of this act, shall be due and payable on the first Monday of October of the year in which so assessed and levied, and if actually paid in cash.

(1) On or before the first day of November next after due and payable, there shall be deducted a discount of one per cent.

(2) After the first day of November and on or before the first day of December next after due and payable, there shall be deducted a discount of one-half of one per cent.

(3) After the first day of December, and on or before the first day of February next after due and payable, the tax shall be paid at par or face value.

(4) After the first day of February, and on or before the first day of March next after due and payable, there shall be added to the tax a penalty of one per cent.

(5) After the first day of March, and on or before the first day of April next after due and payable, there shall be added to the tax a penalty of two per cent.

(6) After the first of April, and on or before the first day of May next after due and payable, there shall be added a penalty of three per cent.

(7) After the first day of May, and on or before the first day of June next after due and payable, there shall be added a penalty of four per cent."

And it further appearing that section 810 of the Machinery Act provides that section 805 of this act, providing the schedule of discounts and penalties for payment of taxes shall apply for payment of taxes levied in one thousand nine hundred and twenty-nine and shall be in force and effect from and after October first, one thousand nine hundred and twenty-nine. It further appears that chapter 344 of the Public Laws of 1929 contains no repealing clause.

The court being of the opinion that the special act was repealed by chapter 344 of the Public Laws of 1929, and that section 805 of this act, providing the schedule of discounts and penalties for payment of taxes shall apply for payment of taxes levied in one thousand nine hundred and twenty-nine, and shall be in force and effect from and after October first, one thousand nine hundred and twenty-nine. It further appears that chapter 344 of the Public Laws of 1929 contains no repealing clause.

The court being of the opinion that the special act was repealed by chapter 344 of the Public Laws of 1929, and that section 805 of the

Machinery Act of 1929 provided only discounts and penalties that may be allowed, charged or collected by any county in this State for taxes levied for the year 1929:

.It is therefore ordered, adjudged and decreed that the plaintiff have and recover of the defendant the sum of $326.41, with interest thereon from 27 January, 1930, and that the costs in this action be taxed against the defendant by the clerk as provided by law."

*Mason & Mason and Hines, Kelly & Boren for plaintiff.*
*Emery B. Denny for defendant.*

CLARKSON, J. The question involved: Did the court commit reversible error in holding that chapter 256 of the Public-Local Laws of 1929, which was ratified by the General Assembly of North Carolina on 11 March, 1929, was repealed by chapter 344 of the Public Laws of 1929, being the Machinery Act, ratified by the General Assembly on 19 March, 1929, and in signing judgment granting the relief prayed for by the plaintiff? We think not from the language of the Machinery Act.

This action was brought by plaintiff against defendant to recover $326.41. On 23 January, 1930, the Southern Railway Company tendered to J. W. Carroll, tax collector of Gaston County, the sum of $32,641.25 in payment of taxes assessed or levied against the plaintiff company, but he declined to accept the said sum in full payment and demanded payment of the further or additional sum of $326.41, said sum being a one per centum (1%) penalty on said taxes, which he contended was due and payable under and by virtue of the provisions of chapter 256 of the Public-Local Laws of 1929, which was ratified 11 March, 1929, because plaintiff had not paid or tendered such taxes on or before 1 January, 1930. The plaintiff paid the $326.41 under protest and brought this action. N. C. Code, 1927 (Michie), sec. 7880 (189).

The statute applicable to Gaston County imposes a penalty of one per cent (1%) for January, the Machinery Act did not, so the question is, as before stated, which act prevails?

The general principle of law on the subject is thus stated in *Kornegay v. Goldsboro,* 180 N. C., at p. 452: "Again, it is established that where a general and a special statute are passed on the same subject, and the two are necessarily inconsistent, it is the special statute that will prevail, this last being regarded usually in the nature of an exception to the former. *Cecil v. High Point,* 165 N. C., 431-435; *Commissioners v. Aldermen,* 158 N. C., 197-8; *Dahnke v. The People,* 168 Ill., 102; *Stockett v. Byrd,* 18 Md., 484, 'a position that obtains though the special law precedes the general, *unless the provisions of the general statute*

*necessarily exclude such a construction. Rodgers v. U. S.,* 185 U. S., 83; Black on Interpretation of Laws, p. 117.'" (Italics ours.) *S. v. Davis,* 129 N. C., 570; *S. v. Cantwell,* 142 N. C., 604; *S. v. Johnson,* 170 N. C., 685; *Bank v. Loven,* 172 N. C., at p. 670; *Young v. Davis,* 182 N. C., at p. 203; *Felmet v. Commissioners,* 186 N. C., 251; *Blair v. Commissioners,* 187 N. C., 488; *Asheville v. Herbert,* 190 N. C., 736; *Greensboro v. Guilford,* 191 N. C., 584; *Monteith v. Commissioners,* 195 N. C., 75-6. See *S. v. Fowler,* 193 N. C., 290.

We think the provisions of the general statute, the Machinery Act, necessarily excludes the construction that the local statute was an exception. It expressly repeals the local statute. The language of the Machinery Act: *"All taxes* assessed and/or levied by *any county in this State,* in accordance with the provisions of this act, shall be due and payable on the first Monday of October, of the year in which so assessed and levied," and if actually paid in cash (3) "After the first day of December, and on or before the first day of February next after due and payable, the tax shall be paid *at par or face value."*

In Bauldwin Century Edition of Bouvier's Law Dictionary (1929), the word "any" is defined: "It is synonymous with 'either,' 3 Wheel. Crim. Law Cas., 508; and is given the full force of 'every' or 'all,' 43 Mo., 254; 4 Q. B. D., 409; 91 U. S., 265. Frequently used in the sense of 'all' or 'every,' and when thus used it has a very comprehensive meaning. 2 A. & E. Ency. (2 ed.), 414. For example, it has been held that 'any' contract is sufficiently comprehensive to include special contracts as well as contracts which arise by implication. 91 U. S., 265."

"Federal court held to have jurisdiction of personal action by ship's carpenter, injured while repairing completed vessel in navigable waters of United States, without regard to his citizenship, since act 4 March, 1915, sec. 20, as amended by act 5 June, 1920, sec. 33 (46 U. S. C. A., sec. 688), giving 'any' seaman authority to sue at law, applies to 'every' seaman and requirement of Federal court's jurisdiction of such action is exclusive of that previously and generally imposed by Judicial Code, sec. 24 (28 U. S. C. A., sec. 41). *Kuhlman v. W. & A. Fletcher Co.* (C. C. A. N. J.), 20 F. (2d), 465, 468."

We think under the Machinery Act "any" means "all" or "every." For the reasons given the judgment of the court below is

Affirmed.