O. A. KIRKMAN, EXECUTOR, AND LULA B. KIRKMAN, EXECUTRIX OF THE ESTATE OF O. A. KIRKMAN, DECEASED, v. C. C. STOKER AND WIFE, CORA C. STOKER, INDUSTRIAL BANK OF RICHMOND AND POINTER REALTY COMPANY.

(Filed 20 May, 1931.)

1. **Statutes C b—Where statutes can be reconciled by reasonable construction doctrine of repeal by implication does not apply.**

   Where a special law relating to a particular locality such as cities or towns in a certain county is passed as to interests, etc., allowed the purchaser at a tax sale of lands, and a general law of State-wide application is later passed upon the same subject-matter, the general law will not modify or repeal the special one unless such modification or repeal is provided for by express words or arises from necessary implication, but where the two statutes can be reconciled by reasonable construction the rule of repeal by implication does not apply.

2. **Taxation H d—Purchaser at tax sale held entitled to interest under law in effect at the time, the relative statutes not being in conflict.**

   Under the provisions of a special act relating to the method for collection of taxes by a city, remedy was given in the nature of an action for debt to foreclose tax liens on lands in any court of competent jurisdiction, the act making no reference to payment of interest, costs, or attorney's fee, the only reference being the provision that 25% should be paid by the owner if he should redeem the land within a year, and such provision being inapplicable to the facts in the present case; the general law regulating the sale of land for taxes provided that the purchaser of a tax sale certificate should be entitled to certain interest, costs, commissions and attorney's fee upon the foreclosure of the tax sale certificate, *Held*: the general and special acts are not in conflict as to the allowance of interest, costs, and attorney's fee, and the rate of interest should be determined by the statute in force at the time of the sale.

APPEAL by Industrial Bank of Richmond, defendant, from *Finley, J.,* at March Term, 1931, of GUILFORD. Affirmed.

O. A. Kirkman, Sr., the original plaintiff, brought suit to foreclose a certificate of sale of real estate for the nonpayment of taxes assessed against the property of C. C. Stoker in the city of High Point for 1926, but according to the public records the Industrial Bank of Richmond and the Pointer Realty Company are the present owners of the property.

The tax was not paid, and the plaintiff, O. A. Kirkman, Sr., after the expiration of fourteen months and within eighteen months from the date of the certificate of sale, brought suit in the Municipal Court of the city of High Point to foreclose his certificate in conformity with section 8037 of the North Carolina Code of 1927 (P. L. 1927, ch. 221)

and the amendments thereto. P. L. 1929, ch. 204 and ch. 334. The notice was published in a newspaper as ordered by the clerk of the court. The summons was issued and the complaint was filed on 2 June, 1930, and on 28 July, 1930, the Industrial Bank of Richmond filed a motion admitting the facts alleged in the complaint, but denying the conclusions of law therein stated. The plaintiff died pending the proceeding and his executor and executrix were made parties plaintiff.

Judgment was rendered in the municipal court and an appeal was taken to the Superior Court. The question was whether the charter of the city or the general law regulating the foreclosure of certificates controls the method of procedure. In the Superior Court it was adjudged that the general law controls. The Industrial Bank of Richmond excepted and appealed.

*R. T. Pickens* for appellant.
*James B. Lovelace* and *L. J. Fisher, Jr.*, for appellees.
*Roberson, Haworth & Reece* for City of High Point.

ADAMS, J. On 3 December, 1928, the property was sold for the non-payment of taxes and a certificate of sale was given to O. A. Kirkman, Sr., the testator of the plaintiffs. The statute then in force provided that the certificate of sale should bear interest at the rate of 20 per cent per annum on the entire amount of taxes and the sheriff's cost for a period of twelve months from the date of sale and thereafter at the rate of 10 per cent per annum until paid or until the final judgment was rendered, and that the cost, including "one reasonable attorney's fee for the plaintiff," should be taxed as in other civil actions. N. C. Code, 1927, sec. 8037.

The judgment of the Superior Court awarded interest on this basis and taxed in the costs against the defendants an attorney's fee and the sum of four dollars for the publication of the notice. The appellant contends that the sale should have been conducted in the way prescribed by the city charter and that the judgment should be reversed.

The charter of the city of High Point provides two methods of collecting taxes. P. L. 1909, ch. 395. Section 28, subsection 5, authorizes collection by distress and sale, but this method was not pursued in the present case, and need not now be analyzed. Section 29, subsection 7, lays down an additional remedy by a civil action in the nature of an action of debt by which liens for taxes on real estate may be foreclosed in any court having jurisdiction, but the section contains no specific reference to the payment of interest, cost, or an attorney's fee. The only reference to the payment of interest is in section 28, subsection 7, in which it is provided that the owner of land sold under the provisions of the city charter may redeem the land within one year after the sale

by paying to the purchaser the sum paid by him and 25 per cent on the amount of taxes and expenses; but this section is not applicable to the sale under consideration.

The general law regulating the sale of real property for taxes is contained in N. C. Code, 1927, sec. 8010 et seq. When such sale is made the sheriff, or other person who is by law authorized to collect taxes, either State or municipal (sec. 7974), shall give to the purchaser a written certificate of sale. Sec. 8024. The holder of the certificate is given the right to foreclose the sale by civil action, "and this shall constitute his sole right and only remedy to foreclose the same." Section 8028. The purchaser has a lien on the real estate for the amount of the purchase money and all interest, penalties, costs, and charges allowed him by law, the lien being similar to that of a mortgage. Sections 8036, 8037. He may have judgment for a sale to satisfy whatever sums may be due him on the certificate and for taxes and assessments paid, which were a lien upon the property. His only remedy is an action in the nature of an action to foreclose a mortgage. Prior to the amendment of 1929 the certificate bore interest as heretofore stated. Costs, commissions, and an attorney's fee are allowed. Section 8037.

The briefs contain the citation of authorities dealing with the question whether the city charter was repealed by the subsequent enactment or amendment of statutes which are a part of the general law, in regard to the collection of taxes. We have no disposition to impair the principle that when the provisions of a general law applicable to the entire State are repugnant to the provisions of a previously enacted special law applicable to a particular locality only, the enactment of the general law does not operate to repeal or modify the special law, unless such modification or repeal is provided for by express words or arises by necessary implication. *Montieth v. Commissioners,* 195 N. C., 71; *Felmet v. Commissioners,* 186 N. C., 251; *Kornegay v. Goldsboro,* 180 N. C., 441. Cases arise in which the general law excludes the special. *R. R. v. Gaston County,* 200 N. C., 780.

But it is not necessary to apply this principle in the present case because with respect to this proceeding the general law and the city charter are not, in our opinion, totally repugnant. Section 28, subsections 5 and 7, apply to sales for taxes in which the purchaser before receiving a deed from the collector must await the owner's right to redeem the land within one year after the sale by paying to the purchaser the sum paid by him and 25 per cent on the amount of taxes and expenses. Section 29, subsection 7, was manifestly intended to authorize the collection of taxes due the city. By virtue of this section all taxes due the city may be collected as therein provided by a civil action in the nature of an action of debt and the lien may be foreclosed in any court

having jurisdiction. The same provision applies to assessments for street improvements. In such action the city may become the purchaser, and if the description of the property in the city assessment rolls shall be insufficient the city may make the description good in its pleadings and have a judgment of foreclosure. It follows that the plaintiffs, who held a certificate of sale, had the right to enforce the lien against the real estate described in it as in case of a mortgage and to collect the cost, penalty, and attorney's fee as provided by the general law. The rate imposed is to be determined by the statute which was in force when the sale was made. Judgment

Affirmed.