CITY OF HENDERSON v. COUNTY OF VANCE AND HENRY W. HIGHT, CLERK OF VANCE COUNTY RECORDER'S COURT.

(Filed 20 November 1963.)

**Appeal and Error § 6; Declaratory Judgment Act § 1—**

A proceeding by a municipality to determine whether, under a statute consolidating the municipal and county courts, the county should pay to the city one-half of the fees in prosecutions in recorder's court in which the defendant is acquitted or unable to pay the costs or in which a nol. pros. is entered, will be remanded when it appears that the amount of unpaid costs since the enactment of the statute had not been determined and that there had been no demand upon the county for any specified sum, since such proceeding is in fact for the purpose of procuring an advisory opinion upon which the city may rely in bringing an action against the county if so advised.

HENDERSON *v.* VANCE COUNTY.

APPEAL by defendants from *Hobgood, J.,* at Chambers in HENDERSON, North Carolina, on 25 July 1963. From Henderson.

In 1949 the General Assembly of North Carolina consolidated the Municipal Court of the City of Henderson with the Recorder's Court of Vance County. The 1949 Session Laws of North Carolina, chapter 409, section 2, provides: "The clerk of said recorder's court shall collect all fees, costs, fines and forfeitures and other revenues derived from said court and deposit the same in a separate fund. The said clerk shall turn over to the county school fund the clear proceeds of all penalties, forfeitures and fines collected, as required by Article 9, Section 5, of the Constitution of North Carolina, and all costs and other revenues from said court, after payment of the salaries of the recorder, prosecuting attorney and clerk, and other expense of its operation, shall be turned over one-half to the county general fund and one-half to the City of Henderson general fund monthly."

This action was instituted on 23 January 1963 for a declaratory judgment to obtain (1) a determination whether or not the County of Vance should pay into the hands of the Clerk of the Vance County Recorder's Court one-half the costs in State failures; and (2) a declaration whether or not the County of Vance should be repaid for said costs of State failures prior to the division of the costs and revenues of said Recorder's Court between the County of Vance and the City of Henderson.

G.S. 6-36 reads as follows: "In a criminal action, if there is no prosecutor designated by the court as liable for the costs under the provisions of the General Statutes section 6-49, and the defendant is acquitted or convicted and unable to pay the costs, or a *nolle prosequi* is entered, or judgment arrested, the county shall pay the clerks, sheriffs, constables, justices and witnesses one-half their lawful fees; except in capital cases and in prosecutions for forgery, perjury, or conspiracy, when they shall receive full fees. No county shall pay any such costs unless the same are approved, audited and adjudged against the county as provided in this chapter."

It is alleged in the defendants' answer that the County of Vance presently is paying one-half of the fees due to fee-basis officials and witnesses, to wit, "constables, justices and witnesses."

It was admitted on oral argument before this Court that the defendant Henry W. Hight is Clerk of the Superior Court of Vance County and receives a salary rather than fees for his services as such Clerk. It was also admitted that this defendant is the Clerk of the Vance County Recorder's Court and is paid an additional salary for his services in

that capacity. Chapter 409, Session Laws of 1949, fixed the salary of the Clerk of this court at $125.00 per month.

This matter was heard on the pleadings and oral arguments. No evidence was offered in the hearing below.

The court, upon the facts found, held as a matter of law "(a) That the County of Vance should pay into the hands of the Clerk of the Vance County Recorder's Court one-half of his fees as well as one-half of the fees of the Constables, Justices of the Peace, and Witnesses in all state failures.

"(b) That said one-half of the Clerk's fees in state failures should be included in the distribution as a part of the net proceeds from said Recorder's Court, and distributed one-half to the City of Henderson, and one-half to the County of Vance.

"(c) That the County of Vance should not be repaid the Clerk's fees in state failures prior to the distribution."

Thereupon, the court adjudged and decreed "That the County of Vance is and has been liable since the enactment of session laws of 1949 Chapter 409 to pay into the Clerk of the Vance County Recorder's Court one-half of the lawful fees of the Clerk, Sheriffs, Constables, Justices of the Peace, and Witnesses in all criminal actions where the defendant is acquitted or unable to pay the costs or in which a *nol pros* is entered, and the payment of said one-half fees be included in the net proceeds from said Recorder's Court, which proceeds are distributable one-half to the City of Henderson and one-half to the County of Vance."

From the foregoing judgment the defendants appeal, assigning error.

*Zollicoffer & Zollicoffer for plaintiff appellee.*
*A. A. Bunn, Sterling G. Gilliam for defendant appellants.*

PER CURIAM.   It will be noted that the court below, upon the facts found, held as a matter of law "That the County of Vance should pay into the hands of the Clerk of the Vance County Recorder's Court one-half of his fees as well as one-half of the fees of the Constables, Justices of the Peace and Witnesses in all state failures." However, the judgment entered below is to the effect that the County of Vance is and has been liable since the enactment of the Session Laws of 1949, Chapter 409, to pay into the hands of the Clerk of the Vance County Recorder's Court one-half of the lawful fees of the Clerk, Sheriffs, Constables, Justices of the Peace, and Witnesses in all criminal cases where the defendant is acquitted or unable to pay costs or in which a *nol pros* is entered.

It is not ascertainable from the pleadings when this controversy arose, or for what period of time the County of Vance has refused to pay one-half of the Clerk's fees demanded. We do not recall that any question was raised on the oral argument before this Court with respect to the failure to pay Sheriffs' fees. Furthermore, in the findings of fact, the court found that prior to January 1960 the County of Vance paid into the hands of the Clerk of the Recorder's Court one-half of the fees of the Clerk, Constable, Justices of the Peace, and Witnesses in State failures, and that since that time the County of Vance has been paying into the hands of the Clerk only one-half of the fees of Constables, Justices of the Peace, and Witnesses in State failures.

There are no allegations in the pleadings with respect to the amount of unpaid costs by the County of Vance in State failures. Neither are there any allegations to show that a claim or claims for such indebtedness have been presented to the County of Vance in the manner prescribed by law.

As we construe the plaintiff's pleadings and brief, this action was brought for the sole purpose of procuring from this Court an advisory opinion upon which the plaintiff may rely and bring an action, if so advised, against the defendants to recover certain unpaid costs it alleges to be due from the County of Vance to the Clerk of the Recorder's Court, the amount of which has not yet been ascertained.

In the case of *Fuquay Springs v. Rowland,* 239 N.C. 299, 79 S.E. 2d 774, the action was purportedly instituted under the Declaratory Judgment Act, to determine what items of cost should be included in the bills of costs in a criminal action tried in the Fuquay Springs Recorder's Court. This Court, speaking through Barnhill, J., later C.J., said: "While we concede that the Declaratory Judgment Act, G.S. ch. 1, art. 26, is comprehensive in scope and purpose, it does not, and was not intended to, embrace an action such as this. We cannot perceive that the Legislature, in enacting that statute, intended to vest in the superior courts of the State the general power to oversee, supervise, direct, or instruct officials of inferior courts in the discharge of their official duties.

"The defendant Council (Clerk of Fuquay Springs Recorder's Court) did not appeal. Even so, he is an official of the court. If he fails to collect and account for monies rightfully belonging to plaintiff, or taxes items of cost which should not be taxed, or fails to tax items which should be taxed, the law provides an adequate and expeditious remedy in behalf of those who have the right to raise the issue in any of these particulars."

The appeal was dismissed and the cause remanded to the Superior Court with instructions to dismiss the case from the docket.

In our opinion it would be unwise for this Court to render an advisory opinion on the questions posed, before all the pertinent facts have been found or agreed upon as was done in the case of *Greensboro v. Guilford County*, 191 N.C. 584, 132 S.E. 558.

The judgment entered below is vacated and the cause is remanded to the Superior Court where the plaintiff may take such action as it deems advisable in light of this opinion.

Remanded.