McGLADREY, HENDRICKSON & PULLEN v. SYNTEK FINANCE CORP.

[98 N.C. App. 151 (1990)]

McGLADREY, HENDRICKSON & PULLEN, A PARTNERSHIP (FORMERLY A. M.
PULLEN & Co.) v. SYNTEK FINANCE CORPORATION (FORMERLY THE
WASHINGTON GROUP, INCORPORATED)

No. 8918SC1056

(Filed 3 April 1990)

**Attorneys at Law § 7.5 (NCI3d) — action to recover dividend —
shareholder entitled to recover attorney's fees**

Pursuant to N.C.G.S. § 55-50(k), plaintiff shareholder in
defendant corporation was entitled to recover reasonable at-
torney's fees incurred in prosecuting an action to recover a
dividend paid by defendant to all other Preferred A
shareholders.

**Am Jur 2d, Corporations §§ 2485, 2493, 2495.**

Chief Judge HEDRICK dissenting.

APPEAL by plaintiff from an order entered 21 August 1989
in GUILFORD County Superior Court by *Judge Lester P. Martin,
Jr.* Heard in the Court of Appeals 16 February 1990.

Plaintiff seeks to recover attorney's fees and expenses pur-
suant to G.S. 55-50(k). The record discloses the following: Plaintiff-
shareholder brought an action against defendant-corporation on 14
October 1986 seeking to recover a dividend that defendant paid
to all other Preferred A shareholders on or about 10 July 1984.
Defendant answered and alleged as a defense that plaintiff's action
was barred by the execution of a mutual release entered into by
the parties. On 2 December 1987, Judge Robert A. Collier, Jr.
denied plaintiff's motion for summary judgment and entered an
order granting defendant's motion for summary judgment. On ap-
peal, this Court found that the release signed by plaintiff did not
concern plaintiff's rights to its Preferred Stock or the dividends
on it. *McGladrey, Hendrickson & Pullen v. Syntek Finance Corp.*,
92 N.C. App. 708, 375 S.E.2d 689, *disc. rev. denied*, 324 N.C. 433,
379 S.E.2d 243 (1989). As a result of this finding this Court vacated
the trial court's order and remanded the matter to the superior
court for the entry of judgment for plaintiff. A judgment in the
dividend amount of $10,687.00 was entered for plaintiff by Superior
Court Judge W. Douglas Albright on 10 July 1989. On 27 June
1989, plaintiff filed a motion pursuant to G.S. 55-50(k) seeking to

McGLADREY, HENDRICKSON & PULLEN v. SYNTEK FINANCE CORP.

[98 N.C. App. 151 (1990)]

recover attorney's fees and expenses in the amount of $27,301.99 incurred in prosecuting the action to recover the dividend. From the order of 21 August 1989 denying this motion, plaintiff appealed.

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Reid L. Phillips, and Jeffrey A. Batts, for plaintiff-appellant.*

*Petree, Stockton & Robinson, by Norwood Robinson, Robert J. Lawing, and Jane C. Jackson, for defendant-appellee.*

LEWIS, Judge.

Plaintiff's sole contention on appeal is the trial court erred in denying its motion for attorney's fees "since an award of such fees is required by G.S. 55-50(k)." Plaintiff argues that each of the required elements set out in G.S. 55-50(k) is present in this case; therefore, the trial court had no discretion to deny an award of attorney's fees.

G.S. 55-50(k) states:

> Any action by a shareholder to compel the payment of dividends may be brought against the directors, or against the corporation with or without joining the directors as parties. The shareholder bringing such action shall be entitled, in the event that the court orders the payment of a dividend, to recover from the corporation all reasonable expenses, including attorney's fees, incurred in maintaining such action. If a court orders the payment of a dividend, the amount ordered to be paid shall be a debt of the corporation.

We have found no previous interpretation of the scope of G.S. 55-50(k). We find that the plaintiff is entitled to recover reasonable attorney's fees under this statute. The plaintiff brought this action "as the record owner of 42,748 shares of Preferred A stock of defendant corporation to recover a dividend. . . ." By using the word "any" without limitation in this section, the legislature plainly intended a very broad interpretation. "[T]he word 'any' is defined: 'It is synonymous with "either" and is given the full force of "every" or "all." Frequently used in the sense of "all" or "every," and when thus used it has a very comprehensive meaning. . . .'" *Southern Rwy. Co. v. Gaston Co.*, 200 N.C. 780, 783, 158 S.E. 481, 483 (1931) (citations omitted); *see also Britt v. Schindler Elevator Corp.*, 637 F. Supp. 734, 736 (D.D.C. 1986) (plain language of "any action" is broad and includes actions excluded by statute). Plaintiff's action

McGLADREY, HENDRICKSON & PULLEN v. SYNTEK FINANCE CORP.

[98 N.C. App. 151 (1990)]

falls within the broad statutory language of G.S. 55-50(k), and it is entitled to recover reasonable expenses, including attorney's fees.

Reversed and remanded for entry of an award of attorney's fees.

Judge COZORT concurs.

Chief Judge HEDRICK dissents.

Chief Judge HEDRICK dissenting.

I believe that plaintiff, by bringing this action, was not seeking "to compel the payment of dividends" within the meaning of N.C. Gen. Stat. 55-50(k). Rather, plaintiff's action was brought to recover a debt owed to plaintiff by defendant. It is merely a dispute between an individual shareholder and a corporation, not a suit brought to compel the declaration and payment of a dividend for the benefit of all shareholders. See, e.g., Dowd v. Foundry Co., 263 N.C. 101, 139 S.E.2d 10 (1954) (suit brought by stockholder for failure of the board of directors to declare and pay dividends from the corporation's earnings). Here, the dividend had already been declared by defendant and paid to all other Preferred A shareholders. Construing N.C. Gen. Stat. 55-50 as a whole, I find plaintiff's argument that attorney's fees and expenses are recoverable in this situation to be unconvincing. For this reason, I cannot subscribe to the majority's conclusion that plaintiff is entitled to recover reasonable expenses, including attorney's fees.

I vote to affirm.